WATSON, Judge.
At issue in this appeal[1] is whether the trial judge erred manifestly in absolving defendants, Magnolia Liquor of Lafayette, Inc. and its liability insurer, American Casualty Company, of liability claimed to result from a Magnolia truck being parked just off the street at the corner of an intersection. Plaintiff-appellant, Lucille Bellard, was proceeding east on U.S. Highway 190 in Eunice, Louisiana, while Virginia O’Nora was proceeding north on St. George Street. The intersection was governed by a stop sign facing Ms. O’Nora, but it is contended that the Magnolia truck, driven by one Courville, was parked off the street at the southwest corner of the intersection in a position which prevented Ms. O’Nora from observing the approaching Bellard vehicle. The truck was near the curb just off Highway 190 (also known as Laurel Street) but the exact distance between the side of the truck and the roadway is disputed.
The trial court gave judgment for Magnolia and American, holding that Virginia O’Nora’s negligence was the sole cause in fact of the accident.
The record reveals that the Magnolia truck at least partially obscured the view of Ms. O’Nora. According to the testimony most favorable to appellant, Ms. O’Nora stopped before proceeding slowly into the intersection, saw the approaching vehicle and accelerated to beat the Bellard vehicle across the intersection. Her attempt was unsuccessful and a collision resulted, causing injuries to Lucille Bellard.
The trial judge had the opportunity to see and hear the witnesses and to make reasonable inferences of credibility and fact on the basis of their testimony. We find no error in his determination that the parked vehicle was not a cause in fact of the accident. State Farm Mutual Insurance Company v. South Central Bell Telephone, 343 So.2d 758 (La.App. 3 Cir. 1977).
For the above reasons, the judgment of the trial court is affirmed. Costs are taxed against appellant.
AFFIRMED.

. In the trial court Lucille Bellard was given judgment against the other defendant, Virginia O’Nora, for $5,677.51 but there is no appeal from that feature of the judgment.