432 So.2d 414 (1983)
Martin MANZELLA, Jr.
v.
TERREBONNE PARISH POLICE JURY, et al.
No. 82 CA 0762.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*415 Keith M. Whipple, Houma, for plaintiff and appellant, Martin Manzella, Jr.
Huntington B. Downer, Jr., Houma, for defendant and appellee, Terrebonne Parish Police Jury.
James Funderburk, Houma, for defendant and appellee, Everett L. Talbot.
Douglas Authement, Houma, for defendants and appellees, The Cadieres.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal by plaintiff, Martin Manzella, Jr., from a summary judgment in favor of one of the defendants, namely, Everett L. Talbot.
Plaintiff filed suit in the Thirty-Second Judicial District Court in Terrebonne Parish against Adeline Caro Cadiere, Madeline Cadiere Usie, and Malvin Cadiere Mey (hereinafter referred to as the Cadiere Estate), Everett L. Talbot, and the Terrebonne Parish Police Jury alleging that these defendants, as the result of certain excavations, drainage and improvements, had altered the natural drainage on his property.
Talbot moved for summary judgment and attached to his motion an affidavit. Plaintiff filed no affidavit, deposition, document or other evidence in opposition to or controverting defendant's affidavit.
The trial court sustained Talbot's motion for summary judgment, and the only issue presented is whether the trial court's action is correct.
On March 25, 1977, Martin Manzella, Jr. acquired a three acre tract of land from the Cadiere Estate. The property was conveyed subject to a drainage servitude along its southernmost boundary and a right of access to Louis Drive. On December 20, 1978, Manzella acquired from the Cadiere Estate another acre of land contiguous to the tract previously acquired by him. The four acres acquired by Manzella were located east of the Cadiere Estate and west of St. Louis Canal Road. They were bounded on the south by the Talbot property and on the north by the Daigle tract.
Plaintiff's petition alleged that Talbot and the Cadieres engaged in excavation and drainage on their tracts of land and that in conducting these activities, defendant Talbot and the Cadieres re-contoured their properties, constructed drainage ditches, and diverted into the ditch on the southern boundary of plaintiff's property a larger volume of water than originally entered the ditch. Plaintiff further alleged that the Terrebonne Parish Police Jury had approved the constructions and drainage projects, and had assisted the defendant landowners in altering the natural drainage. Plaintiff alleged that these activities caused his property to flood rendering the property useless for the purpose for which it was purchased.
*416 Defendant Talbot filed a motion for summary judgment and attached an affidavit stating that of his own personal knowledge, neither he nor anyone acting for or on his behalf engaged in any excavation or drainage on any tract of land contiguous to property owned by Manzella. The affidavit further stated that neither Talbot nor anyone acting on his behalf performed activities on Talbot's property improving or developing the same, that Talbot's properties were neither re-contoured nor reconstructed with drainage ditches, and that neither Talbot nor anyone known to him or acting on his behalf had changed the natural flow of drainage or raised the water level on plaintiff's property. Plaintiff filed no affidavits, depositions, documents, or other evidence in opposition to defendant's motion and accompanying affidavit.
The trial court found the following with which we agree:
"Plaintiff filed no affidavits, depositions, documents, interrogatories or other material in opposition to defendant Everett L. Talbot's Motion and accompanying affidavit. The court finds that Everett L. Talbot is competent to testify as to the matters contained in his affidavit. Based upon the pleadings, the affidavit, answers to interrogatories and the hearing held herein, the court further finds that there remains no genuine issue as to material fact since no countervailing affidavit or other response has been presented to the court other than argument of counsel at the hearing. The defendant Everett L. Talbot is entitled to judgment as a matter of law."
Plaintiff contends that the trial court should not have granted the summary judgment because the judgment was based upon the negative allegations made in the affidavit, that summary judgment is not a substitute for trial, and that all doubt should be resolved against granting a summary judgment.
It is well settled that a summary judgment should be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); LSA-C.C.P. art. 966.[1] Under LSA-C.C.P. art. 967,[2] an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits.
*417 In other words, on a motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact. If they are not sufficient, the summary judgment should be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that a material fact is still at issue; only at this point may he no longer rest on the allegations contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980).
In certain instances, the failure of an adverse party to file counter-affidavits does not automatically entitle the moving party to summary judgment. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir.1980). However, if the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to set forth specific facts showing that there is a genuine issue for trial. LSA-C.C.P. art. 967.2
In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Chaisson, supra; Hercules, supra.
In the present case, the trial court correctly determined that all material issues of fact were resolved and found that the evidence in support of the motion for summary judgment was sufficient. Therefore, it became necessary for the adverse party, Manzella, to file controverting affidavits or other evidence to establish that there existed a genuine issue of material fact. This plaintiff did not do, and, based on the record, reasonable minds would inevitably conclude that mover is entitled to judgment as a matter of law. The judgment of the trial court is correct.
For the above reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 966 provides as follows:

"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
[2] LSA-C.C.P. art. 967 provides as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
"If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just...."