436 So.2d 751 (1983)
Raymond WHITE, Plaintiff-Appellant,
v.
NATIONAL SURETY CORPORATION, et al., Defendants-Appellees.
No. 83-180.
Court of Appeal of Louisiana, Third Circuit.
August 10, 1983.
*752 Donald McKnight, Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Christopher Trahan, Joe J. Tritico, Plauche, Smith & Nieset, Jeffery Cole, Lake Charles, for defendants-appellees.
Before GUIDRY, FORET and PICKETT[*], JJ.
GUIDRY, Judge.
The plaintiff brought this suit to recover damages resulting from the destruction of his business establishment by fire. The plaintiff asserts that the fire was caused when gasoline fumes drifted onto his premises from an adjacent service station. At the time, gasoline was being transferred from a delivery truck to underground tanks at the station. The fumes were allegedly ignited by the plaintiff's hot water heater, and the resulting fire destroyed the plaintiff's building and the contents therein. Made defendants are the owner of the service station, Oscar Marcello; the lessee and operator of the service station, Gerald Runge; Runge's insurer, National Surety Corporation; the trucking company which delivered the gasoline, Stephen's Trucklines, Inc.; and, the insurer of Stephen's Trucklines, Aetna Casualty and Surety Company.
Gerald Runge and National Surety Corporation filed a motion for summary judgment. The trial judge granted the motion, dismissing these defendants from the lawsuit. The correctness of this judgment is the sole issue on appeal.
The fire in question occurred on October 23, 1978. On that date, sometime between 5:00 and 6:00 a.m., an employee of Stephen's Trucklines delivered gasoline to the Phillips 66 Service Station owned by Marcello. As was his custom, the driver opened one of the underground tanks and began to transfer gasoline from the truck to the tank. At some point during this operation, a large flash fire occurred, and the plaintiff's upholstery shop, situated adjacent to the service station, was destroyed.
The motion for summary judgment filed by Gerald Runge and National Surety is *753 accompanied by the deposition of Oscar Marcello and an affidavit executed by Runge. In the deposition, Marcello stated that he owned the service station, including the property itself, all buildings on the property, and the underground gasoline storage tanks. Marcello leased the property to Runge, who operated the station and paid rent according to the amount of gasoline he sold. Marcello further stated that neither he nor Runge had any control or supervision over the filling of the gasoline tanks on the property.
The affidavit executed by Runge stated that he was the lessee of the service station owned by Oscar Marcello. He also stated that when gasoline was needed, Marcello made all arrangements for procuring the gasoline and having it delivered to the station. The affidavit further reflects that the underground gasoline storage tanks and above ground vents were installed prior to the time that Runge began to lease the service station, and that Runge neither constructed nor made any repairs on the tanks or the vents. Runge further stated that prior to the fire, he had no knowledge that the location of the gasoline tanks posed any danger of a fire or explosion threatening the plaintiff's premises.
In opposition to the motion for summary judgment, the plaintiff, Raymond White, executed an affidavit in which he stated that Runge was aware that the gasoline storage tanks, due to their close proximity to the plaintiff's property, posed a great danger to the plaintiff's buildings.
Summary judgment is rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting and opposing affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Supporting and opposing affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. LSA-C.C.P. Art. 967.
In the instant case, the trial judge correctly found no genuine issue as to material fact. The affidavits filed in support of the motion for summary judgment filed by Runge and National Surety established that Marcello was the owner of the gasoline storage tanks, and that Runge neither ordered the gasoline when it was needed nor did he in any way supervise the filling of the tanks. It was further established that the tanks and vents were installed on the premises prior to the time Runge began to lease the property. Runge's affidavit also established that he had no knowledge that the location of the storage tanks posed any danger to the adjoining premises owned by the plaintiff.
The only fact attested to by Runge which was rebutted by the plaintiff concerned Runge's knowledge of the allegedly dangerous condition posed by the proximity of the gasoline storage tanks to the plaintiff's property. In the affidavit, White stated that Runge knew that the tanks posed a great danger to the plaintiff's establishment. This is the only factual dispute raised by the pleadings and affidavits. Thereafter, Runge filed a motion to strike this affidavit, urging non-compliance with LSA-C.C.P. Art. 967.
The trial judge, in a well reasoned opinion, stated that the affidavit in opposition to the motion for summary judgment was defective for failure to comply with the requirements of LSA-C.C.P. Art. 967. The trial judge correctly pointed out that the affidavit contains a conclusion of the affiant with no factual basis therefor. The affidavit is devoid of any facts supporting the conclusory statement that Runge knew that the location of the tanks posed a danger to the plaintiff's building. The trial judge, disregarding the defective affidavit filed by the plaintiff, found no genuine issue as to material fact. We find no error in this conclusion.
There being no factual matters in dispute, the remaining question is whether the defendants, Runge and National Surety, are *754 entitled to summary judgment as a matter of law.
The plaintiff contends that Runge, the lessee of the premises, should be held liable as a proprietor under LSA-C.C. Art. 667, which provides:
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
In Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La.App. 4th Cir.1971), our brethren of the Fourth Circuit addressed the issue of whether a lessee can be held liable under the above quoted article. In that case, the plaintiffs brought suit against the owner and lessee of adjacent premises to abate certain nuisances arising out of the use of the property. Affirming the trial court's dismissal of the plaintiffs' demands against the lessee, the court stated:
"In this case plaintiffs are seeking to abate a nuisance. The nuisance is a condition, and the person legally liable for the nuisance is the person actually responsible for the existence of the condition. This includes the person who creates the nuisance and the person who participates in the active continuance thereof.
We therefore believe that the liability of a party as a proprietor under C.C. art. 667 in a nuisance and damage case should be determined on the basis of his responsibility for the existence of the condition which constitutes the nuisance."
In the instant case, the record shows that the lessee, Runge, did not participate in the construction or maintenance of the condition complained of by the plaintiff. The gasoline storage tanks were installed before Runge began leasing the property. He did not make the arrangements for the filling of the tanks, nor did he have any supervision or control over this operation. We agree with the trial court that Runge is not the person responsible for the existence of the condition, and that he may not be held liable as a proprietor under LSA-C.C. Art. 667.
The plaintiff further asserts that Runge should be held liable under a negligence theory. However, as the trial court pointed out in its opinion, the plaintiff points to no acts of negligence which would render Runge liable for the damage done to the plaintiff's property. The record shows without contradiction that Runge had no control or supervision over the filling of the storage tanks, the operation which allegedly caused the fire. The affidavits further show that, at the time the tanks were being filled just prior to the fire, Runge had not yet arrived at the service station. Under these circumstances, the trial judge was correct in finding that Runge can not be held liable for the accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge John S. Pickett, Jr., 10th Judicial District Court, Judge Ad Hoc.