467 So.2d 9 (1985)
Jo Ann CATHEY, Individually and on Behalf of Her Deceased Minor Son, Jewell Cathey, Jr.
v.
Raymond BERNARD, Susan Gayle Bernard, Renae Bernard and the State of Louisiana Through the Department of Health and Human Resources.
No. 84 CA 0023.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*10 Paul J. Mirabile, McCann, McCann & Mirabile, New Orleans, for plaintiff-appellant Jo Ann Cathey.
James A. Dukes and Robert J. Pastor, Dukes & Pastor, Hammond, for defendants-appellees Raymond Bernard, Susan Gayle Bernard and Renae Bernard.
Charles E. Daspit, Dept. of Health & Human Resources, Baton Rouge, for defendant-appellee State of La. through Dept. of Health & Human Resources.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff, Jo Ann Cathey, sued defendants, Raymond Bernard, Susan Gayle Bernard, Renae Bernard and the State of Louisiana through the Department of Health and Human Resources (DHHR) for the wrongful death of her minor son, Jewell Cathey, Jr. (Jewell). Cathey also seeks damages for the pain and suffering of Jewell. The trial court found the evidence to be in favor of the defendants, and dismissed Cathey's suit. We reverse.

FACTS:
This case involves an accidental shooting. At the time of the accident, Jewell Cathey, Jr., age 6, was in the legal custody of DHHR by virtue of an order of the Juvenile Court of the Parish of Orleans. DHHR contracted with Raymond and Susan Gayle Bernard (Bernards) to provide for foster care for Jewell. The Bernards had a son, Renae, age 9, living with them at the time of the accident.
On July 5, 1981, Raymond Bernard was working offshore. Susan Gayle Bernard had to take her daughter, who was complaining of severe headaches, to the hospital. She had asked the next-door neighbor to look in on Jewell and Renae until she returned.
While the adults were away from the home, Renae went in his parents' bedroom, climbed over the bed, climbed on the dresser and reached to a high shelf in the closet. He took a pistol out of the closet and went into the living room. While handling the pistol, it fired, striking Jewell in the head. As a result of these injuries, Jewell died the next day.
The pistol with which Jewell was shot was kept loaded for the protection of Mrs. Bernard. The children were instructed not to go into the closet containing the pistol. There was no evidence introduced to show that any of the children, including Renae, had ever violated these instructions or had ever attempted to play with the pistol.
After Cathey filed this suit, the Bernards became bankrupt, leaving Cathey and DHHR to proceed to trial, held on September 7, 1983, without a jury. At trial, all exhibits were introduced by stipulation. All facts regarding the shooting were stipulated to and the testimony was adduced primarily as to the issue of damages. The trial court submitted reasons for judgment in which he found the Bernards not negligent and DHHR not liable and, therefore, dismissed Cathey's suit.

LIABILITY:
Vonner v. State of Louisiana, through the Department of Public Welfare, 273 So.2d 252 (La.1973) controls this case. In Vonner, a natural mother sued the State for the wrongful death of her child. Custody of the child had been given to the State, and the State contracted with foster parents to care for the child. The foster parents beat Vonner's child to death. The trial and intermediate courts held that there was no independent negligence on the part of the State and, therefore, held the State was not liable. The court stated, at p. 256:
The Department cannot absolve itself from the results of a failure in the performance of its legal responsibility that the children be adequately fed, clothed, and protected from intentional physical abuse causing serious injury, on the plea that the human instruments the Department has chosen to fulfill the Department's responsibility have failed in their trust. The law does not authorize the Department to delegate its legal responsibility, *11 in these respects at least, to others.
The children of our state are its most precious resource. Those charged with the duty of physical care rising out of the legal custody of a child cannot, on the ground that this duty had been delegated by them to another, evade their civil responsibility for the physical abuse of the child caused by the breach of such duty. Whether the party with legal custody (and thus the ultimate responsibility for the care of the child) chooses to exercise this responsibility of care himself or through an employee, agent, or independent contractor, the ultimate duty of care is non-delegable and remains his legal responsibility.
The Department will therefore be held liable to the plaintiff mother for the death of her son while in the custody of the Department and at the hands of the foster mother through whom the Department was exercising its custodial responsibility. (footnotes omitted)
We do not read this language to mean that the State is absolutely liable for all harm to a foster child, nor does this language make the State an insurer of the child's safety. However, we do interpret Vonner to make the State liable for harm to a foster child that results from the tortious conduct of the foster parents. Therefore, in the present case, in order for DHHR to be held liable, plaintiff must show tortious conduct on the part of the Bernards. The trial court found no negligence on the part of the Bernards. We find this to be manifestly erroneous.
The law is clear that a loaded gun is a dangerous instrumentality and that a duty of extraordinary care is placed on those in control of such weapons. Valence v. State, 280 So.2d 651 (La.App. 1st Cir. 1973), writ refused, 282 So.2d 517 (La. 1973); Tolleson v. State Farm Fire and Cas. Co., 449 So.2d 105 (La.App. 1st Cir. 1984), writ denied, 450 So.2d 968 (La.1984). DHHR argues that by making the pistol off-limits to the children, the foster parents exercised requisite care. DHHR claims the Bernards took reasonable precautions and exercised the necessary care to keep the pistol away from the children. We do not agree. The Bernards had a duty of extraordinary care, which is a higher degree of care than reasonable care. A simple warning to the children that the pistol was off-limits and the placing of the pistol on a closet shelf does not fulfill the duty to use extraordinary care. Therefore, the Bernards were negligent in leaving the loaded weapon where it was accessible to the children. DHHR is also liable under the principle established in Vonner, supra.

DAMAGES:
Custody of Jewell was taken from Cathey in December of 1978 by an order of Juvenile Court for the Parish of Orleans. At this time, Jewell was 3 years old. Jewell was placed in the custody of DHHR, which contracted with the Bernards to provide foster care for Jewell. Cathey maintained some contact with Jewell and provided him with gifts on his birthday. DHHR's case worker testified that her goal in working with Cathey was to reunite the mother and child, if possible. However, the case worker testified that in the two years prior to Jewell's death, Cathey was no closer to obtaining custody in 1981 than she was in 1979. It cannot be ignored that the latter one-half of Jewell's life was spent not in custody of his mother. We find $5,000.00 to be adequate compensation for Cathey's loss. See Chausse v. Southland Corp., 400 So.2d 1199 (La.App. 1st Cir.1981), writs denied, 404 So.2d 278, 497-498 (La.1981).
As to the survival action on behalf of Jewell, no evidence was presented as to any pain and suffering by Jewell. The evidence would seem to indicate that "brain death" was immediate. However, in the pre-trial order submitted by all parties, under "Facts Established," # 6 states "As a direct result of being thus injured, Jewell Cathey, Jr. suffered severe pain and anguish, and died the next day." Since this was signed by all parties, we feel constrained to award $10,000 for severe pain and anguish. This was the amount prayed *12 for by Cathey and is, in our opinion, a reasonable amount warranted for "severe pain and anguish" resulting from a fatal gunshot wound to a six-year old child.
For the above reasons, the judgment of the trial court is reversed insofar as it dismissed the suit of Jo Ann Cathey, individually and on behalf of her deceased minor son, Jewell Cathey, Jr.
It is now ordered, adjudged and decreed that there be judgment in favor of Jo Ann Cathey, individually and against Raymond Bernard, Susan Gayle Bernard[1] and the State of Louisiana through the Department of Health and Human Resources in solido in the amount of $5,000.00; it is further ordered, adjudged and decreed that there be judgment in favor of Jo Ann Cathey on behalf of her deceased minor son, Jewell Cathey, Jr., and against Raymond Bernard, Susan Gayle Bernard and the State of Louisiana through the Department of Health and Human Resources in solido in the amount of $10,000.00.
Pursuant to La.R.S. 13:5112, costs in the amount of $911.10 are assessed against the State of Louisiana, through the Department of Health and Human Resources.
REVERSED AND RENDERED.
NOTES
[1] We note that this judgment against the Bernards is subject to a Discharge of Debtor from the United States Bankruptcy Court for the Eastern District of Louisiana, entitled In re Raymond Bernard and Susan Gayle Bernard, Case No. 82-00322, dated June 30, 1982 and filed into the present suit record on August 9, 1983.