470 So.2d 496 (1985)
Walter CARTER and Janice Deborah Carter
v.
DR. PEPPER BOTTLING COMPANY OF BATON ROUGE, INC.
No. 84 CA 0451.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*497 Layne Royer, Baton Rouge, for plaintiff-appellant Walter Carter and Janice Deborah Carter.
John S. Thibaut, Jr., Baton Rouge, for defendant-appellee Dr. Pepper Bottling Co. of Baton Rouge.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a trial court's judgment granting a motion for summary judgment.

FACTS
On October 1, 1980, at approximately 1:20 p.m., Janice Carter was proceeding east on North Boulevard in Baton Rouge, Louisiana in a 1974 AMC Hornet. A large Dr. Pepper truck owned by defendant, Dr. Pepper Bottling Company of Baton Rouge, Inc. (Dr. Pepper), and operated by one of its employees was parked in close proximity to North Boulevard in the front parking lot of Romano's Grocery Store.
As Janice Carter approached the Dr. Pepper truck, a 1973 Chevrolet Nova, owned and operated by Ralph England, exited Romano's parking lot on the eastside of the Dr. Pepper truck, entered the eastbound lane of North Boulevard, and collided with plaintiff's vehicle. As a result of this collision, Janice Carter sustained injuries.
Plaintiffs filed suit against Dr. Pepper, alleging that defendant's vehicle obstructed England's view causing the accident and that, as a result, defendant is liable to plaintiffs for the damages they sustained. Defendant moved for summary judgment, attaching excerpts of the depositions of Roy Ducote, driver of the Dr. Pepper truck, and Janice Carter. Plaintiffs opposed the motion for summary judgment. In support of their opposition, plaintiffs submitted the depositions of Brian Wynne, the police officer who investigated the accident, and Janice Carter and the affidavit of Joe Simmons, an investigator.
The trial judge found that the affidavit of Joe Simmons was defective for failure to comply with the requirements of LSA-C. C.P. art. 967, in that the information contained therein was not based on the personal knowledge and belief of affiant.[1] We *498 agree. The trial judge disregarded the defective affidavit filed by plaintiffs, found no genuine issue of material fact with respect to the liability of Dr. Pepper, and granted defendant's motion for summary judgment, dismissing plaintiffs' suit with prejudice. From this judgment, plaintiffs appeal alleging two assignments of error:
(1) The trial court erred in finding that there was no genuine issue of material fact as to the negligence of Dr. Pepper; and,
(2) The trial court erred in excluding the affidavit of Joe Simmons.
Summary judgment is rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting and opposing affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C. C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Manzella v. Terrebonne Parish Police Jury, 432 So.2d 414 (La.App. 1st Cir.1983); White v. National Sur.Corp., 436 So.2d 751 (La.App. 3rd Cir. 1983).
LSA-C.C.P. art. 967 requires that supporting and opposing affidavits be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. White v. National Sur. Corp., supra; Meyers v. Gulf Ins. Co., 413 So.2d 538 (La.App. 4th Cir.1982), writ denied, 420 So.2d 442 (La.1982).
In Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981), the Louisiana Supreme Court discussed the consideration to be given affidavits which do not conform to formal requirements and stated:
The failure of the opposing affiants to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of their affidavits. An affidavit which does not measure up to formal standard is subject to a motion to strike. In the absence of such a motion or other objection, the lack of showing of personal knowledge is waived, unless it is clear from the affidavit itself that it is not based on personal knowledge of the facts. (citations omitted)
See also Ledbetter v. Myers, 438 So.2d 700 (La.App. 2nd Cir.1983); Bartlett v. Calhoun, 430 So.2d 1358 (La.App. 3rd Cir. 1983), writ denied, 438 So.2d 575 (La.1983).
In the instant case, timely objection was made as to the sufficiency of the affidavit. Furthermore, the affidavit relied on by plaintiffs fails to conform to the formal requirements of LSA-C.C.P. art. 967. The affidavit of Joe Simmons fails to show that he has personal knowledge of any of the statements to which he attested. Additionally, the affidavit contains conclusions of the affiant with no factual basis therefor and is devoid of any facts supporting the conclusions that the Dr. Pepper truck was illegally parked and that, parked in this position, it would completely obstruct the view of motorists exiting the parking lot of Ramono's Grocery Store. We find no error in the trial judge's finding that the affidavit *499 was defective for failure to comply with the provisions of LSA-C.C.P. art. 967.
The remaining issue is whether the depositions of Roy Ducote, Janis Carter, and Brian Wynne, along with all other pleadings, depositions, answers to interrogatories, and admissions on file create a genuine issue of material fact.
A motion for summary judgment should be granted only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. Bartlett v. Calhoun, supra. The mover for summary judgment has the burden to establish that no material factual issues exist. Meyers v. Gulf Ins. Co., supra. All doubts must be resolved against the granting of the motion for summary judgment and in favor of a trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, supra; Manzella v. Terrebonne Parish Police Jury, supra; Bartlett v. Calhoun, supra.
The fact at issue is the liability of Dr. Pepper for parking its truck in such a manner as to obstruct England's view of plaintiffs' vehicle.[2] In his deposition, Roy Ducote testified that he parked his truck in the front parking lot of Romano's Grocery Store approximately nine feet from North Boulevard. Janis Carter, in her deposition, testified that the Dr. Pepper truck was in Romano's parking lot about one foot from the roadway. Additionally, the investigating officer, Brian Wynne, testified in deposition that when he arrived on the scene, the truck was parked off of North Boulevard in the driveway of Romano's Grocery Store.
We know of no statute or jurisprudence which imposes liability on the owner or operator of a vehicle lawfully parked on private property, which obstructs the view of other motorists. Even assuming arguendo that Roy Ducote and Dr. Pepper were negligent in parking the vehicle in close proximity to North Boulevard and in creating an obscurity of view, we find no liability. Not every act of negligence gives rise to a cause of action against the negligent party.
Negligence is only actionable where it is both a cause-in-fact of the injury and a *500 legal cause of the injury. Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs, and such relation must be substantial in character. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (La.1973); Ishee v. State, Through Dept. of Transp., 413 So.2d 1362 (La.App. 1st Cir.1982).
In the instant case, we find, under our assumption of negligence arguendo, that the action of the employee of Dr. Pepper was too remote to figure actively or proximately in the conduct of Mr. England and Mrs. Carter. Its negligence formed no part of the chain of causation and was not a cause-in-fact. See Hinegardner v. Dickey's Potato Chip Company, 205 So.2d 157 (La.App. 1st Cir.1967), writ refused, 251 La. 746, 206 So.2d 94 (1968). Cf. also, Liedtke v. Allstate Ins. Co., 405 So.2d 859 (La.App. 3rd Cir.1981), writ denied, 407 So.2d 748 (La.1981); Bellard v. O'Nora, 348 So.2d 228 (La.App. 3rd Cir.1977), writ denied, 351 So.2d 167 (La.1977). The trial judge correctly found no genuine issue of material fact, and Dr. Pepper is entitled to judgment as a matter of law.
For the above reasons, the judgment of the trial court is affirmed. Plaintiffs are cast for all costs of this appeal.
AFFIRMED.
LANIER, J., concurs in the result.
NOTES
[1] The affidavit executed by Joe Simmons provided:

PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
AFFIDAVIT
Before me, Notary Public, personally came and appeared
JOE SIMMONS
who duly sworn deposed and state (sic) that: I am an investigator. I investigated the parking lot surrounding Romano's Grocery Store on North Boulevard. As sketched on the attached Simmons 1, there are parking places in front of the grocery store where diagramed. There is additionally designated parking on the side of the store. The Dr. Pepper truck, as positioned in the attached diagram, Simmons 1, was wrongfully and illegally parked in the entrace to Romano's Grocery Store. This is not a designated parking area for Romano's Grocery Store. The Dr. Pepper truck, parked in this position, would be a complete obstruction to other motorists exiting the Romano's Grocery Store in the designated exit/entrance area. The Dr. Pepper truck, as positioned in the attached diagram, Simmons 1, would allow enough room for an east bound motorist to pass by the Dr. Pepper truck without veering into the center traffic lane.
 /s/ Joe Simmons
 JOE SIMMONS
Sworn to and subscribed before me, Notary Public, this 13th day of December, 1983.
 /s/ Layne Royer
 NOTARY PUBLIC

[2] Plaintiffs contend that in parking the Dr. Pepper truck defendants violated numerous statutory provisions, including LSA-R.S. 32:141(A) and LSA-R.S. 32:143(A)(2), (11) and (15). The trial judge found these provisions inapplicable to the instant case. Additionally, no facts, in either the pleadings or depositions, were presented to the trial court which support plaintiffs' contention that Roy Ducote violated any of the above mentioned or any other statutory provisions.

The trial court's oral reasons provide, in pertinent part, as follows:
In the memorandum submitted, counsel for plaintiff contends that there are violations of various subsections of Section 143 of Title 32 of the Revised Statutes, however, none of those are correct. As far as subparagraph (15), that is dealing with obstruction of visibility of a traffic control device, the truck was not obstructing the visibility of any traffic control device. The only two posts there were a sign post for the place of business and a regular telephone pole. There was no stop sign or yield, or anything else. Subparagraph (11), dealing with excavations or obstructions when stopping, standing or parking would obstruct traffic, also doesn't apply. Subparagraph (2) doesn't apply. The Dr. Pepper truck wasn't in front of a public or private driveway. What you had was a truck parked in the parking area of Romano's Grocery and you had a vehicle driven by a party not even made a party defendant, Mr. England, pull out of that parking lot right in front of traffic, going east. As a matter of fact, Mr. England's car got seven and a half feet out into the street before it was struck.
There is no authority, as far as this Court has found, which says that a vehicle parked on private property constitutes an obstruction from someone leaving that property sufficient to make someone driving on the main street entitled to recover from the owner of the parked vehicle. You have parking lots galore in Baton Rouge, and the driver of a car leaving that parking lot is supposed to stop and look. Apparently, Mr. England did not, and just pulled out in front of the plaintiff's vehicle.
In this Court's mind, there is no genuine issue of material fact as far as any liability on the part of Dr. Pepper and, therefore, the motion for summary judgment will be granted and there will be judgment dismissing plaintiffs' suit as against this defendant, with prejudice, at plaintiffs' cost.