479 So.2d 588 (1985)
Roger WHITE, Sr.
v.
Alice WHITE, et al.
No. 84-CA-0999.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Mary Heck, Baton Rouge, for plaintiff-appellant Roger White, Sr.
Bruce Waters, Baton Rouge, for defendant-appellee State of Louisiana, Dept. of Health and Human Resources.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiff appeals the trial court's dismissal of his wrongful death action against the State on an exception of no cause of action. We affirm.
The exception of no cause of action tests the legal sufficiency of the petition, and it is triable solely on the face of the petition. For purposes of determining the exception's *589 validity, all well pleaded facts in the petition must be accepted as true. Haskins v. Clary, 346 So.2d 193, 194 (La. 1977).
From the petition the following facts emerge. Plaintiff's eighteen-month-old child was struck and killed by an automobile in front of the residence of the child's mother. At the time of the accident, the parents were physically separated, the child was in the mother's custody, and a temporary restraining order had been issued against plaintiff. Approximately two weeks before the fatal accident, plaintiff had reported to the Department of Health and Human Resources that the mother was neglecting the child, and asked DHHR personnel to intervene to protect his child until the custody hearing. DHHR personnel responded that they could do nothing to prevent the neglect of the child until "something happened."
Plaintiff sued several defendants, but this appeal concerns only his action against the State. Clearly the child welfare unit or the parish agency responsible for the protection of juveniles has a duty to investigate promptly any report of child abuse or neglect. See LSA-R.S. 14:403G(1). For plaintiff to recover, he must show that DHHR breached a duty and that the breach caused the damage. See Thomas v. Missouri Pacific Railroad Co., 466 So.2d 1280, 1285 (La.1985). Plaintiff has alleged cause-in-fact, i.e., that DHHR breached its duty to investigate, and thereby caused the child's death. And we must accept that allegation as true for purposes of determining the validity of this exception. To be actionable, however, negligence must be both a cause-in-fact and a legal cause of the injury. That is, there must be a proximate relation between the alleged negligence and the injury. Carter v. Dr. Pepper Bottling Co., 470 So.2d 496, 499-500 (La.App. 1st Cir.1985).
The required proximity between DHHR's alleged negligence and the child's death is lacking. The legal issue here is analogous to that in Frank v. Pitre, 353 So.2d 1293 (La.1977), in which the court refused recovery against a sheriff to a policeman who had been shot by a prisoner on pass. The court stated:
It is not enough to say that if [the prisoner] had not been released under the sheriff's policy of weekend passes, the tragedy would not have occurred. If [his] friend had not given him a ride to town the shooting would not have happened. There must be something more; there must be a closer connection between the act of the defendant and the injury of the plaintiff.
Id. at 1296. Likewise, we hold in the instant case that the mere failure to investigate did not give rise to a cause of action against the State for the wrongful death of the child. The duty to investigate complaints of child abuse or neglect is not tantamount to insuring the safety of children.
In Vonner v. State Department of Public Welfare, 273 So.2d 252 (La. 1973), the court held the State liable for the death of a foster child, reasoning that because the Department had legal custody of the child, and was therefore directly responsible for his care and well-being, it was vicariously liable for the acts of the foster parent who beat the child to death.[*] The State's position in the instant case is not the same as that in Vonner. The State did not have custody of the child, and neither the mother's negligence, the car owner's negligence, nor the driver's negligence can be imputed to the State.
Accordingly the trial court was correct in maintaining DHHR's exception of no cause of action and dismissing plaintiff's suit. The judgment is affirmed at appellant's cost.
AFFIRMED.
LANIER, J., concurs in affirming the sustaining of the peremptory exception pleading the objection of no cause of action, *590 but would allow the plaintiff an opportunity to attempt to amend pursuant to La.C.C.P. art. 934.
NOTES
[*] This court followed Vonner in Cathey v. Bernard, 467 So.2d 9 (La.App. 1st Cir.1985), finding the State liable, based on tortious action of the foster parents, in the wrongful death of a foster child.