# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**BY Griffin, J.:**

2023-C-01649

*BRITTANY NICOLE HOWE, INDIVIDUALLY AND AS NATURAL TUTRIX OF GRAYSON KONRAD, A MINOR VS. SAMANTHA GAFFORD AND THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF LOUISIANA (Parish of Desoto)*

REVERSED AND REMANDED. SEE OPINION.

Retired Judge Charles Lee Porter, appointed Justice ad hoc, sitting for McCallum, J., recused.

Weimer, C.J., dissents and assigns reasons.
Crichton, J., additionally concurs and assigns reasons.
Crain, J., concurs and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2023-C-01649**

**BRITTANY NICOLE HOWE, INDIVIDUALLY AND AS NATURAL TUTRIX OF G.K., A MINOR**

**VS.**

**SAMANTHA GAFFORD AND THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF LOUISIANA**

*On Writ of Certiorari to the Court of Appeal, Second Circuit, Parish of Desoto*

**GRIFFIN, J.***

We granted this writ to determine whether there is a non-delegable duty of care and well-being owed by the Louisiana Department of Children and Family Services ("DCFS") to children in its legal custody. We hold that such a custodial duty exists and DCFS is liable for the acts of foster parents who breach that duty irrespective of an employer/employee relationship.

## FACTS AND PROCEDURAL HISTORY

This case involves grievous injuries to an infant child, G.K., while in the legal custody of DCFS and the physical care of his foster parent, Samantha Gafford. Brittany Howe, G.K.'s biological mother, filed suit individually and as natural tutrix of G.K. ("Plaintiffs") against Ms. Gafford and DCFS[1] – the details of which are recounted in this Court's prior opinion wherein we found Plaintiffs stated a valid cause of action against DCFS. *See Kunath v. Gafford*, 20-1266 (La. 9/30/21), 330 So.3d 161. DCFS subsequently filed a motion for summary judgment arguing *Kunath* effectively overturned the non-delegable duty first articulated in *Vonner v.*

---

* Justice Jeannette Theriot Knoll, retired, appointed Justice *Pro Tempore*, sitting for the vacancy in Louisiana Supreme Court District 3. Retired Judge Charles L. Porter, appointed Justice *ad hoc*, sitting for Justice Jay B. McCallum, recused.

[1] G.K. was adopted by Jason and Johnna Kunath who were substituted as plaintiffs.

*State Through Dept. of Public Welfare*, 273 So.2d 252 (La. 1973), and affirmed in *Miller v. Martin*, 02-0670 (La. 1/28/03), 838 So.2d 761, and that there is no genuine issue of material fact that Ms. Gafford was not its employee. The trial court, agreeing with DCFS, granted the motion for summary judgment. The court of appeal affirmed reasoning that La. R.S. 42:1441.1 "statutorily prohibits DCFS from being held liable, be it vicariously, strictly, or via a judicially created 'nondelegable duty,' for actions of foster parents merely because the person who performed the alleged act was a foster parent at the time of the alleged incident." *Howe v. Gafford*, 55,343, p. 13 (La.App. 2 Cir. 11/15/23), 374 So.3d 1065, 1073. It concluded that the statute "represents a clear legislative expression that neither the state nor any state agency can be held liable for the actions of another unless such person is an official, officer, or employee of the state – Ms. Gafford was none of these." *Id.*, 55,343, p. 14, 374 So.3d at 1073.

Plaintiffs' writ application to this Court followed, which we granted. *Howe v. Gafford*, 23-1649 (La. 3/5/24), 379 So.3d 1259.

## DISCUSSION

The primary issue before this Court is whether summary judgment was appropriately granted – specifically, whether La. R.S. 42:1441.1 statutorily abrogated the non-delegable duty of care and well-being owed by DCFS to children in its legal custody ("non-delegable duty").[2] Statutory interpretation is a question of law subject to *de novo* review. *Benjamin v. Zeichner*, 12-1763, p. 5 (La. 4/5/13), 113 So.3d 197, 201. Similarly, appellate courts review the grant or denial of a

---

[2] Contrary to the position of DCFS, and any inference therefrom by the lower courts, this Court did not overrule *Vonner* and *Miller* in *Kunath* wherein we found simply that Plaintiffs alleged a valid cause of action in conformity with La. R.S. 42:1441.1 and La. R.S. 13:5108.1. *See Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La. 1993) ("If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery.").

2

motion for summary judgment *de novo* using the same criteria as trial courts. *Bernard v. Ellis*, 11-2377, p. 10 (La. 7/2/12), 111 So.3d 995, 1002.

The non-delegable duty was first articulated in *Vonner v. State Through Dept. of Public Welfare* wherein this Court held that where the state obtains legal custody of a child it has the "'responsibility to provide for the physical, mental, moral and emotional well-being of the child.'" 273 So.2d at 256 (quoting former La. R.S. 13:1569(5) (defining "custody")). This Court then recognized that while former La. R.S. 46:52(8) allowed the state to contract with foster parents to fulfill this duty, the statute did not authorize the state to divest itself of this duty by such contracts. *Vonner*, 273 So.2d at 256. The state is therefore liable for the actions of foster parents as its duty arises out of the legal custody of a child and it cannot evade its civil responsibility for physical abuse of a child caused by a breach of this duty. *Id*. Under this analysis, this Court found it unnecessary to determine whether foster parents were servants of the state. *Id*., 273 So.2d at 256 n. 3.

The existence of the non-delegable duty was challenged thirty years later in *Miller v. Martin* wherein this Court observed that, notwithstanding the reorganization of the relevant statutory provisions in the Children's Code, the state's duty of care and well-being owed to children in its legal custody remained substantially the same.[3] 02-0670, pp. 9-10, 838 So.2d at 766-67 (citing La. Ch.C. art. 116(12)). This Court further noted that the provision related to the state's ability to contract with foster parents read identical to the provision in *Vonner* – no changes were made to indicate the state had the ability to delegate its custodial duty. *Miller*,

---

[3] The definition of "legal custody" in La. Ch.C. art. 116(12) and relied upon in *Miller* remains unchanged to date and provides:

> "Legal custody" means the right to have physical custody of the child and to determine where and with whom the child shall reside; to exercise the rights and duty to protect, train, and discipline the child; the authority to consent to major medical, psychiatric, and surgical treatment; and to provide the child with food, shelter, education, and ordinary medical care, all subject to any residual rights possessed by the child's parents.

02-0670, p. 10, 838 So.2d at 767 (citing La. R.S. 46:51(8)). "Thus, once the state obtains custody of a child, the law imposes upon the state the ultimate duty of care." *Id.* This "custodial duty to those children is so great that it cannot be delegated to foster parents" and the state is therefore liable for those acts of foster parents that cause a breach of the state's custodial duty. *Id.*, 02-0670, p. 12, 838 So.2d at 768 (citing *Vonner*, 273 So.2d at 256 n. 3).

The legislature adopted La. R.S. 42:1441.1 in the years intervening *Vonner* and *Miller*. The statute provides:[4]

> Civil Code Article 2320 and other laws imposing liability on a master for the offenses and quasi offenses of his servant shall not extend or apply to and shall not impose liability on the state for the offenses and quasi offenses of any person who is not expressly specified by R.S.

---

[4] La. C.C. art. 2320 states, in relevant part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. [….] The master is answerable for the offenses and *quasi*-offenses committed by his servants, according to the rules which are explained under the tile: *Of quasi-contracts, and of offenses and quasi-offenses*."

La. R.S. 13:5108.2 referenced within was repealed by Acts 2000, No. 65, § 2. The substance of the law is now found in La. R.S. 13:5108.1 which provides, in relevant part:

(A)(1) The state shall defend and indemnify a covered individual against any claim, demand, suit, complaint, or petition seeking damages filed in any court over alleged negligence or other act by the individual, including any demand under any federal statute when the act that forms the basis of the cause of action took place while the individual was engaged in the performance of the duties of the individual's office, employment with the state, or engaged in the provision of services on behalf of the state[.]

* * *

(E) As used in this section "covered individual" includes:

  (1) An official, officer, or employee holding office or employment:

    (a) In the executive branch of state government or in any department, office, division, or agency thereof.

* * *

  (3) "Covered individual" does not include:

    (a) An official, officer, or employee of a municipality, ward, parish, special district, including without limitation a levee district, school board, parish law enforcement district, or any other political subdivision or local authority…

    (b) District attorneys, sheriffs, assessors, clerks of district courts, coroners, justices of the peace, constables, mayor's courts, city courts, marshals, nor the officials, officers, or employees thereof.

4

> 13:5108.2(A) to be an official, officer, or employee of the state entitled to indemnification under R.S. 13:5108.2.

Despite its enactment preceding *Miller* by nearly two decades, the above provision was neither argued by the litigants therein nor otherwise discussed by this Court.

DCFS argues this Court erred in *Miller* as La. R.S. 42:1441.1 statutorily abrogated the non-delegable duty articulated in *Vonner*. DCFS further argues that the decision in *Miller* unconstitutionally violated the separation of powers by creating a new category of actors for whom the state shall be held vicariously liable. *See* La. Const. art. XII, § 10(C) (granting the legislature the power to limit by law the extent of liability of the state, state agency, or political subdivision). Plaintiffs counter that liability under the non-delegable duty is separate and distinct from that which derives from the master-servant relationship addressed in La. R.S. 42:1441.1. We agree.

The duty of the state to protect children in its legal custody is rooted in the positive law.[5] *See Miller*, 02-0670, pp. 9-10, 838 So.2d at 766-67 (citing La. Ch.C. art. 116(12)). This duty under La. Ch.C. art. 116(12) is distinct from and not predicated on vicarious liability arising from a master-servant relationship – it is an affirmative duty owed by the state in the first instance. The limitation on the liability of the state adopted in La. R.S. 42:1441.1 expressly applies only to laws "imposing liability on a master for the offenses and quasi offenses of his servant." Thus, by its own terms, the statute is inapplicable to the duty of care and well-being DCFS owes to children in its legal custody. *See Vonner*, 273 So.2d at 256 n. 3; *Miller*, 02-0670, p. 14, 838 So.2d at 769.

---

[5] Because we re-affirm the non-delegable duty articulated in *Vonner* and *Miller*, we pretermit determination of whether there is a genuine issue of material fact as to an employer/employee relationship between Ms. Gafford and DCFS. We also pretermit determination of Plaintiffs' claim for damages under La. C.C. art. 2315.8 prior to a trial on the merits.

The legislative findings and purposes, codified in La. R.S. 42:1441.4, further demonstrate the narrow scope of the legislation – to address the issue of whether the state or a local governmental entity is responsible for the torts of local officials and employees. *See Morgan v. Laurent*, 06-0467, p. 9 (La.App. 5 Cir. 12/27/06), 948 So.2d 282, 287 (citing David W. Robertson, *Tort Liability of Governmental Units in Louisiana*, 64 Tul.L.Rev. 857, 873 (March 1990)). The listed examples of "misinterpretations and misapplications" support this conclusion.[6] *See* La. R.S. 42:1441.4(2) and (3); *Foster v. Hampton*, 352 So.2d 197 (La. 1977) and 381 So.2d 789 (La. 1980); *Mullins v. State*, 387 So.2d 1151 (La. 1980); *Hryhorchuk v. Smith*, 390 So.2d 497 (1980). "The clear meaning of R.S. 42:1441, 42:1441.1, 42:1441.2, and 42:1441.3 is to restrict master-servant liability to traditional boundaries of control and economic benefit. These statutes attempt 'to establish a *comprehensive theory of vicarious liability for the torts of local officials and those who work for them.*'" *Morgan*, *supra* (emphasis added) (quoting Kenneth M. Murchison, *Local Government Law*, 46 La.L.Rev. 491, 523 (Jan. 1986)); *see also* La. R.S. 13:5108.1(E)(3) (excluding from "covered individuals" the same type of local government employees and officials at issue in the cited examples of "misinterpretations and misapplications" of La. R.S. 42:1441.4).

Additionally illuminating is what the legislature did *not* do. Notably absent in the legislative findings is any reference to *Vonner* despite it predating the enactment of La. R.S. 42:1441.1 by twelve years. Over twenty years have now elapsed since *Miller* reaffirmed the non-delegable duty without any specific legislative action. Coupled with our analysis above, we interpret this prolonged silence as legislative acquiescence to the non-delegable duty articulated in *Vonner*

---

[6] Listed examples of "correctly interpreted" decisions relate to the same narrow issue. *See* La. R.S. 42:1441.4(4); *Martinez v. Reynolds*, 398 So.2d 156 (La.App. 3rd Cir. 1981); *Sullivan v. Quick*, 406 So.2d 284 (La.App. 3rd Cir. 1981).

and *Miller*.[7]  *See Borel v. Young*, 07-0419, pp. 21-22 (La. 11/27/07), 989 So.2d 42, 65; *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439, pp. 13-14 (La. 1/14/03), 836 So.2d 14, 24.

DCFS's argument that *Miller* is unconstitutional in violation of separation of powers is similarly unavailing.  The non-delegable duty is rooted in the positive law which La. R.S. 42:1441.1 does not abrogate.  The mere passage of time should not present an open invitation for litigants to seek "re-interpretation" of laws they find unfavorable.  To hold otherwise would turn courts into super-legislatures effectively amending the positive law through the guise of interpretation when the legislature has chosen to remain silent.  *See* La. Const. art. II, § 2; *State v. Vallery*, 212 La. 1095, 1099, 34 So.2d 329, 331 (1948).  Rewriting statutes is not the role of the courts. *Kelly v. State Farm Fire & Cas. Co.*, 14-1921, p. 20 (La. 5/5/15), 169 So.3d 328, 340.

### DECREE

For the foregoing reasons, the lower courts are reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion.

**REVERSED AND REMANDED**

---

[7] In recent years the legislature has demonstrated its rapid ability to respond to decisions of this Court it determines are in derogation of the legislative will. *See*, *e.g*., *Rismiller v. Gemini Ins. Co.*, 20-0313 (La. 6/30/21), 330 So.3d 145 *statutorily abrogated by* Acts 2022, No. 718, § 1; *Zapata v. Seal*, 20-1148 (La. 9/30/21), 330 So.3d 175 *statutorily abrogated by* Acts 2023, No. 317, § 1.

7

# SUPREME COURT OF LOUISIANA

### No. 2023-C-01649

## BRITTANY NICOLE HOWE, INDIVIDUALLY AND AS NATURAL TUTRIX OF G.K., A MINOR

### VS.

## SAMANTHA GAFFORD AND THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF LOUISIANA

*On Writ of Certiorari to the Court of Appeal, Second Circuit, Parish of Desoto*

**WEIMER, C.J.**, dissenting.

Having long been of the opinion that a nondelegable duty of care owed by DCFS to children in its legal custody does not exist, I must respectfully dissent.

In **Miller v. Martin**, 02-0670 (La. 1/28/03), 838 So.2d 761, this court reaffirmed the holding of **Vonner v. State, Dep't. of Pub. Welfare**, 273 So.2d 252 (La. 1973), imposing a nondelegable duty of care on DCFS as the legal custodian of the child. As evidenced by my dissent in **Miller**, I believed–and continue to believe–that such holding was in error because there is no statutory or legal justification to impose a nondelegable duty of care on DCFS. See, **Miller**, 838 So.2d at 770 (Weimer, J., dissenting for the reasons assigned by Victory, J.). Unquestionably, when DCFS obtains legal custody of a child, there is a duty to protect the child. La. Ch.C. art. 116(12). However, the majority opinion employs an overly broad application of this Article and effectively uses it to authorize the imposition of vicarious liability on DCFS as custodian, although an intentional tort was committed by a third person. I continue to find no statutory support for the majority's position, only jurisprudential authority. Louisiana is a civilian jurisdiction and employs a civilian methodology; further, the civil code instructs that the sources

of law are legislation and custom, and that legislation is the superior source of law. La. C.C. arts. 1, 3; **Willis-Knighton Med. Ctr. v. Caddo Shreveport Sales & Use Tax Comm'n**, 04-0473, p. 21 (La. 4/1/05), 903 So.2d 1071, 1085.

Although La. R.S. 42:1441.1 was not at issue in **Vonner** or **Miller**, this statutory provision provides support for overruling those decisions. Louisiana R.S. 42:1441.1 provides that the state can *only* be vicariously liable for those who are officials, officers, or employees of the state. Here, it has been established that the foster mother is neither an official, officer, nor employee and, thus, DCFS cannot be vicariously liable for her actions based on the clear language of La. R.S. 42:1441.1.

Importantly, in this case there are no remaining causes of action for liability of DCFS arising out of breach of its statutory duties as the legal custodian of the minor child. While there are certainly statutory duties imposed on DCFS relative to care of foster children, all of the plaintiffs' claims related to such allegations of fault on the part of DCFS have already been dismissed with prejudice. In my opinion, the only potential remaining claim against DCFS was based on a theory of vicarious liability for the actions of the foster parent under La. R.S. 42:1441.1, and that claim should also be dismissed because the foster mother was not an employee of DCFS.

Consistent with my dissent in **Miller**, I would affirm the ruling of the court of appeal and, therefore, dissent.

2

**BRITTANY NICOLE HOWE, INDIVIDUALLY AND AS NATURAL TUTRIX OF G.K., A MINOR**

**VS.**

**SAMANTHA GAFFORD AND THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF LOUISIANA**

On Writ of Certiorari to the Court of Appeal, Second Circuit, Parish of Desoto

**CRICHTON, J., additionally concurs and assigns reasons.**

I agree with the majority but write separately to express the policy concerns underlying my vote. Admittedly, I struggled with this case, but in my final analysis concluded that the nondelegable duty announced in *Vonner v. State Through Dept. of Public Welfare*, 273 So.2d 252 (La. 1973) and affirmed in *Miller v. Martin*, 2002-0670 (La. 1/28/03), 838 So.2d 761, remains not only unabrogated by subsequent legislation, but also consistent with the Louisiana Children's Code's paramount concern for the "health, welfare, and safety" of this state's children. *See e.g.*, La. Ch.C. arts. 601, 603, 625.1, 682. As this Court explained in *Vonner*, "[w]hen the Department obtains or accepts the custody of children, it becomes directly responsible for their care and well-being. It cannot insulate itself from this responsibility by contracting it out to others to fulfill." *Id*., 273 So.2d at 255.

There are two additional factors that were critical to my decision. First, as the majority observes, in the over half-century since *Vonner* was decided, the legislature has taken no action to interfere with the nondelegable duty announced therein. Nor has the legislature passed any statute in response to *Miller*, which was decided in 2003—18 years after R.S. 42:1441.1 was enacted. I agree with the majority that this inaction amounts to legislative acquiesce to *Vonner*'s imposition of a nondelegable duty on the Department of Children and Family Services (the Department). Second,

history has shown the imposition of the *Vonner* nondelegable duty on the Department has not opened a pandora's box of frivolous litigation nor a floodgate of lawsuits threatening to bankrupt the Department. Indeed, there are only three reported opinions finding the Department liable for harm suffered by children in its custody caused by the intentional torts of foster parents—*Vonner*, 273 So.2d 252; *Miller*, 2002-0670, 838 So.2d 761; and *Cathey v. Bernard,* 467 So.2d 9 (La. App. 1 Cir. 1985).[1] If the legislature sees fit to overturn the majority decision in this case, so be it. But in the meantime, our authority rests on the civil law scheme established to protect innocent children—a duty the Department of Children and Family Services cannot forsake.

---

[1] While the number of cases finding the Department liable under this theory is relatively low, the duration of time over which those cases were decided along with the additional cases citing *Vonner* or *Miller* for the notion of vicarious liability based on a nondelegable duty of care, together supports a finding that they may form *jurisprudence constante. See e.g., Cadwallader v. Allstate Ins. Co.*, 2002-1637, pp. 7–8 (La. 6/27/03), 848 So.2d 577, 582; *Washington v. State ex rel. Dep't of Soc. Servs.*, 40,878, p. 7 (La. App. 2 Cir. 4/12/06), 927 So.2d 1224, 1228; *Harris v. Stimac*, 1999-2070, pp. 5–6 (La. App. 1 Cir. 9/22/00), 768 So.2d 265, 269; *Scott v. Brewer*, 31,279, p. 6 (La. App. 2 Cir. 12/11/98), 722 So.2d 1186, 1189; *Gooden v. State, Dep't of Health & Human Res.*, 546 So.2d 279, 280 (La. App. 3 Cir. 1989), *writ denied,* 551 So.2d 630 (La.1989); *White v. White*, 479 So.2d 588, 589 (La. App.1 Cir. 1985).

BRITTANY NICOLE HOWE, INDIVIDUALLY AND AS NATURAL TUTRIX OF G.K., A MINOR

VS.

SAMANTHA GAFFORD AND THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF LOUISIANA

On Writ of Certiorari to the Court of Appeal, Second Circuit, Parish of Desoto

**CRAIN, J.**, concurs with reasons.

I concur. The legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject. *State v. Campbell*, 2003-3035 (La. 7/6/04), 877 So.2d 112, 117. La. R.S. 42:1441.1 is inapplicable because the non-delegable duty does not arise from a master-servant relationship. This court created this non-delegable duty in *Vonner* in 1973. While I disagree with it, this duty has now existed for 51 years and was affirmed by this court in 2003. The legislature should act to fix it.