338 So.2d 961 (1976)
Carol H. Mack, wife of/and Donald SHAW
v.
Mr. and Mrs. Ira E. HOPKINS et al.
No. 7604.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
*962 Naccari, Laura, Hollis & Gray, Joseph J. Laura, Jr., New Orleans, for plaintiffs-appellants.
Wiedemann & Fransen, Perrin C. Butler, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiffs, Mr. and Mrs. Donald Shaw, filed this suit against Mr. and Mrs. Ira E. Hopkins, United States Fidelity & Guaranty Company, their liability insurer, and their son, Wright Davis Hopkins, for damages resulting from an alleged attack on Mrs. Shaw by Wright Davis Hopkins on January 6, 1974. The theory of plaintiffs' case is that the vicious propensities of Wright Davis Hopkins were known to his parents and they failed to take proper action by having their son interdicted or committed to an institution. The petition alleges the attack was without cause and "That prior to the attack the parents of Wright Davis Hopkins had full knowledge of his vicious propensities but failed to take such action [sic] to protect persons of the public and namely Carol H. Shaw from harm by taking such action as was necessary to interdict or commit him to an institution."
Plaintiffs have appealed from a judgment maintaining an exception of no cause of action filed by Mr. and Mrs. Hopkins and their insurer[1] and dismissing plaintiffs' suit as to those three defendants.
For the purpose of the exceptions, all parties stipulated in the trial court that Wright Davis Hopkins was born August 12, 1953 and that he was judicially emancipated on October 18, 1971. In accordance with the intention of the parties, these stipulations will be treated as amendments to the petition for the purpose of considering the exceptions.
As Wright Davis Hopkins was born on August 12, 1953, he was 20 years, 5 months and 24 days old on the day of the alleged attack, January 6, 1974. Consequently, at the time of the alleged attack, he was legally a major.[2] While parents are vicariously liable for the tortious acts of their minor, unemancipated children who either reside with them or are placed by them under the care of other persons,[3] there is no authority under Louisiana law for holding parents so liable for the actions of their major children. On the contrary, when a child reaches 18 years of age he is a major and this majority deprives parents of their legal right to control him.[4] When *963 that right of control is lost, a parent may no longer be held responsible for lack of supervision [5] as vicarious liability on the part of the parents for the torts of the child is predicated upon the very control and authority of the parents which has been lost.[6]
In a case of this nature the only way in which liability could be imposed on the parents (or their insurer) is for the plaintiffs to allege and prove some act of negligence on the part or the parents, i.e., some breach of a duty they owe to the plaintiffs. Under the provisions of Civil Code Article 227, parents are under the obligation of supporting, maintaining and educating their children. However, this is a duty owed by the parents to the children. No law has been called to our attention, and we know of none, which provides that the parents of a major child was has "vicious propensities" owe a duty to third persons to interdict or commit such a child to an institution. Accordingly, we agree with the trial court that the petition does not state a cause of action.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Those three defendants also filed an exception of no right of action.
[2] Act 98 of 1972, effective July 26, 1972, provided that a person who is eighteen years or older "shall be regarded as being fully emancipated, . . . and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older."
[3] Civil Code Articles 237 and 2318.
[4] Act 98 of 1972 is pertinent in this case; C.C. Art. 37.
[5] Frazer v. Day, La., 307 So.2d 733; Speziale v. Kohnke, La., 194 So.2d 485; Redd v. Bohannon, La.App., 166 So.2d 362 (1964).
[6] Speziale v. Kohnke, supra, footnote 5.