WATKINS, Judge.
This is an action for personal injury brought by Marigrace Topole as natural tutrix of her son, Anthony Thomas Parks, arising out of the accidental shooting of Parks by Russell Hardy while on a hunting trip. The pistol that was accidentally discharged was owned by Davis Eidson, who had lent the pistol to his son, Davis Eidson, Jr., for the hunting trip.
Named defendants were Davis Eidson, Davis Eidson, Jr., their insurers Great American Insurance Company (automobile liability) and Sentry Insurance Company (homeowners), and Ralph Hardy, father of the minor, Russell Hardy, and his insurers State Farm Mutual Automobile Insurance Company (automobile liability) and State Farm Fire and Casualty Insurance Company (homeowners). The two automobile insurers filed motions for summary judgment, which were granted. Plaintiff settled her claim against Ralph Hardy and State Farm Fire and Casualty Insurance Company. The case was tried before a jury as to the liability of the Eidsons and Sentry. The jury found plaintiff was not entitled to recover. We affirm.
On the weekend of October 4, 1981, Davis Eidson, Jr., who was 18 years of age, and Tony Parks, Russell Hardy, and Patrick O’Reilly, all minors, went on a hunting trip in Concordia Parish. Davis Eidson let his son, Davis Eidson, Jr., borrow a pistol owned by the father for purposes of the trip. The pistol was left unloaded. However, ammunition for the pistol was brought along. Russell Hardy loaded the pistol with two bullets without the knowledge or approval of Eidson, Jr., and pulled the trigger twice. Nothing happened. The gun was then accidentally discharged as Hardy moved, the bullet striking Tony Parks, wounding him.
The gravamen of plaintiff’s case is that Eidson, Sr., was negligent in instructing Eidson, Jr., on gun safety, and that Eidson, Jr., was negligent in taking the pistol on the hunting trip without such instruction. The difficulty with finding liability on the part of Eidson, Sr., is that Eidson, Jr., was a major at the time of the accident. We know of no law requiring a parent to require his major son to obtain instruction; indeed, the parent lacks authority to require the son to obtain such instruction. As to possible liability on the part of Eidson, Jr., all of the participants on the hunting trip brought guns. Eidson, Jr., left the pistol unloaded. Hardy loaded the pistol. Any loading of the pistol by *520 Hardy had nothing to do with Eidson, Jr., or his instruction in gun safety. The jury returned a verdict that plaintiff was entitled to no recovery, and in response to interrogatories found that the conduct of Davis Eidson, Sr. and Davis Eidson, Jr., was not a cause of the accident. In these conclusions on the part of the jury, we find no manifest error. The verdict was not clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The appellant contends, however, that the jury’s verdict was inconsistent, as it found a slight degree of comparative negligence on the part of the Eidsons. (Eidson, Sr., 8%; Eidson, Jr., 2%). There is no inconsistency in the verdict (although we cannot agree with the jury that the Eidsons were in any way at fault, for the reasons given above), because the jury found the the Eidsons’ conduct did not cause the accident, and found plaintiff was entitled to no recovery. Thus we interpret the verdict to mean that any negligent conduct on the part of the Eidsons did not cause the accident. While we cannot agree with the jury that the Eidsons’ conduct was negligent, the verdict was not internally inconsistent.
Appellant claims that the trial court incorrectly sustained objections of defense counsel to testimony concerning the training of Eidson, Jr., in gun safety by or at the instance of his father, Eidson, Sr. The objections, we hold, were properly sustained. As we have stated, the amount of gun safety instruction received by Eidson, Jr., was totally irrelevant to this litigation.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.