499 So.2d 506 (1986)
William LEWIS, Plaintiff-Appellant,
v.
WILLAMETTE INDUSTRIES, INC., Defendant-Appellee.
No. 18,188-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1986.
*507 Culpepper, Teat, Caldwell & Avery by Jimmy C. Teat, Jonesboro, for plaintiff-appellant.
McGlinchey, Stafford, Mintz, Cellini & Lang by Robert B. Mitchell and Steven J. Heath, New Orleans, for defendant-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Lewis sued his former employer for damages under La.R.S. 23:1361, alleging that his employment was terminated "solely because he asserted a claim for workmen's [sic] compensation." After the trial court rendered a judgment sustaining defendant's exception of no cause of action and lack of jurisdiction over the subject matter, plaintiff appealed.
For the reasons hereinafter explained, we reverse and remand.
According to his petition, Lewis was injured on the job while employed by Willamette Industries, Inc. He asserted a worker's compensation claim which was settled on October 22, 1984. Allegedly because of the filing of this worker's compensation claim, Lewis' employment was terminated verbally on October 24, 1984.

Exception of No Cause of Action
Defendant argues that plaintiff failed to state a cause of action under federal law (29 U.S.C. Sec. 185) because, where a collective bargaining agreement (as in this case) provides a grievance procedure, an employee *508 must exhaust that mechanism before filing a lawsuit in any court to enforce his claims. In other words, it is claimed that, under federal labor law, a collective bargaining agreement preempted state law governing causes of action.
The purpose of the peremptory exception of "no cause of action" is to test whether plaintiff's allegations entitle him to any remedy whatsoever at law. For purposes of deciding this exception all well-pleaded allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975).
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1974).
La.R.S. 23:1361 (B) provides in part:
No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of [the worker's compensation laws].
Plaintiff alleged in his petition that his employment was terminated solely because of his assertion of a worker's compensation claim. We are mandated to accept that allegation as true for the purpose of deciding this exception. Consequently, plaintiff has stated a cause of action.
As to whether the remedy afforded by law can be invoked by this particular plaintiff, i.e., whether he has a right of action [not ruled upon by the trial judge], because of the exclusiveness of a collective bargaining agreement, we note that there is no collective bargaining agreement in evidence. Therefore, we are not in a position to rule upon defendant's contention by taking notice of this exception on our own motion. In this connection, defendant also argues that plaintiff was precluded from filing a claim for wrongful discharge because his verified petition in the worker's compensation suit alleged the existence of total and permanent disability.
La.R.S. 23:1361 (B) provides in part:
Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
La.C.C. Article 1853, governing judicial confessions, applies to worker's compensation proceedings. Burton v. Country Boys, Inc., 446 So.2d 904 (La.App. 1st Cir.1984). An admission in a pleading falls within the scope of a judicial confession and is full proof against the party who made it. Smith v. Board of Trustees of La., 398 So.2d 1045 (La.1981).
However, a judicial confession does not estop the confessor from denying the correctness of his earlier admission unless the party claiming the benefit from the confession has relied on the admission to his prejudice. Crawford v. Deshotels, 359 So.2d 118 (La.1978).
There is no evidence in the record to show that defendant, to its detriment, relied upon plaintiff's allegation in his worker's compensation petition to the effect that he was totally disabled.
For these reasons, we conclude that the trial judge erred in sustaining defendant's exception of no cause of action. Furthermore, there is no basis for our taking notice, on our own motion, that plaintiff does not have a right of action.

Exception of Lack of Jurisdiction
Defendant also argues that the trial judge correctly sustained the exception of lack of jurisdiction over the subject matter because, under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185(a), plaintiff had to exhaust his grievance procedures under a collective bargaining agreement before filing a lawsuit.
The federal statutory provision relied upon by defendant applies to "suits for violation of contracts between an employer *509 and a labor organization representing employees." We note, from reading the allegations of plaintiff's petition, that he is not asserting a cause of action under a collective bargaining agreement but sues for wrongful discharge by his employer for filing a worker's compensation claim. Even though the petition made a cursory reference to the grievance procedure contained in the collective bargaining agreement, a copy of the agreement is not in evidence. We may not consider it in ruling on this exception and it was improper for the trial court [which presumably did] to do so. Northwest Insurance Co. v. Carpenters District Council, 470 So.2d 218 (La. App. 4th Cir.1985).
For these reasons, we find that the trial judge also erred in sustaining the exception of lack of jurisdiction over the subject matter.

Decree
For the reasons set forth, we reverse the judgment of the district court sustaining defendant's exceptions of no cause of action and lack of jurisdiction and overrule those exceptions. The case is remanded to the district court for further proceedings consistent with this opinion. Costs of the appeal are assessed to defendant-appellee.