FRED W. JONES, Jr., Judge.
The parents of a decedent killed by a handgun appealed a judgment sustaining the gun owner’s exception of no cause of action. For the reasons explained, we reverse.
Charles Dickens, Sr. and Margaret Dickens filed a wrongful death/survivor action against Lisa Auvil, a major, and her father, L.T. Cohen, for the death of plaintiffs’ son, Charles Dickens, Jr.
*639 Plaintiffs’ petition alleged that Charles Dickens, Jr. went to the home of Ms. Auvil and her father at a time when the father was not at home; Ms. Auvil and Dickens got into an argument; Ms. Auvil got a loaded pistol belonging to her father and pointed the weapon at Dickens; the gun discharged and Dickens suffered a fatal wound.
It was further alleged that the gun was “extremely old, and the trigger and firing mechanisms [were] very likely worn”; Cohen left the gun at his daughter’s disposal and failed to insure that she had adequate training in the safe use of firearms; and Cohen knew that his daughter was “easily excitable and [was] otherwise emotionally volatile.”
In an additional allegation plaintiffs asserted that Auvil’s and Cohen’s premises contained a defective and dangerous condition, i.e., a loaded pistol accessible to an individual untrained in the safe use of a firearm; the pistol itself was a dangerous instrumentality in the exclusive custody and control of Cohen and Auvil.
Cohen filed an exception of no cause of action which was sustained by the trial court. In written reasons for judgment, the trial court stated:
“The allegations show that Mr. Cohen did not hand the gun to Lisa Auvil, did not suggest to her that she retrieve the gun, and in fact, was not even present at the time of this incident. There is no allegation that Mr. Cohen told Lisa Auvil where the gun was and no allegation telling her she could use the gun. There is no allegation that she ever used the gun before and, therefore, there is no legal basis for stating that Mr. Cohen was legally obligated to train Lisa Auvil in the safe use and handling of the pistol.
It was not negligence for Mr. Cohen to have a loaded gun in his house without allegations or evidence that Lisa Auvil had ever used the gun, threatened to use the gun, or had asked where the gun was. If Lisa Auvil was alleged to be ‘emotionally unstable’ a cause of action would be stated. Alleging she was ‘easily excitable’ and ‘otherwise emotionally volatile’ does not state a cause of action.”
The sole issue on appeal is whether plaintiffs’ petition sets forth a cause of action against Cohen under any evidence admissible under the pleadings. We answer in the affirmative.
The purpose of the peremptory exception of “no cause of action” is to test whether plaintiffs’ allegations entitled them to any remedy whatsoever at law. For purposes of deciding this exception all well-pleaded allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiffs. Hero Lands Company v. Texaco, Incorporated, 310 So.2d 93 (La.1975); Lewis v. Willamette Industries, Incorporated, 499 So.2d 506 (La.App. 2 Cir.1986).
An exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiffs have no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Incorporated, 447 So.2d 473 (La.1974); Lewis, supra.
The plaintiffs alleged that Cohen was negligent in leaving a loaded gun at the disposal of his daughter who was emotionally excitable and untrained in the use of firearms. If it can be shown that Cohen knew Ms. Auvil was emotionally unfit to have a loaded firearm at her disposal, then he may have breached a duty to either train her in the safe use of firearms or take other precautions which would prevent her misuse of the gun in question. The plaintiffs have thus alleged a cause of action, and the trial judge erred in sustaining Cohen’s exception of no cause of action.
The plaintiffs further alleged that the gun was a defective thing in the custody and control of Cohen and Ms. Auvil, and therefore they were strictly liable for the damages caused by the shooting. The plaintiffs argue that therre is a substantial likelihood, in light of the age and condition of the gun, the firing mechanisms were worn and may have engaged prematurely *640 and accidentally. If it can be shown that the gun was in Cohen’s custody and was defective, i.e., unreasonably dangerous, then the plaintiffs have alleged another cause of action.
For the foregoing reasons, we reverse the trial court’s judgment sustaining Cohen’s exception of no cause of action; overrule the exception of no cause of action; and remand the case to the trial court for further proceedings consistent with this opinion; cost of this appeal is assessed to the appellee.
LINDSAY, J., concurs in result.