534 So.2d 979 (1988)
Bernard C. LEEHANS
v.
STATE FARM INSURANCE CO., et al.
No. 88-CA-369.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
Benjamin B. Sanders, Kevin L. Cole, Metairie, for plaintiff/appellant.
E. Ross Buckley, Jr., Metairie, Patrick F. Lee, New Orleans, for defendants/appellees.
Before CHEHARDY, WICKER and GOTHARD, JJ.
WICKER, Judge.
This appeal arises from a petition for damages filed on behalf of Bernard C. Leehans, plaintiff/appellant, against defendants/appellees, State Farm Insurance Company, Sandra Muller Leehans and Mercedes Muller. Leehans seeks damages he asserts arose from a domestic argument with his wife, Sandra Muller Leehans in which Sandra threatened to shoot and frighten Leehans by waving two guns into the air. One of the guns allegedly discharged and wounded Leehans.
Mercedes Muller, Sandra's mother, was allegedly present during the incident. Leehans seeks damages from Muller on the basis that she allowed her daughter to have possession of the weapons when she knew Sandra to be unstable and incapable of handling firearms.
Leehans's petition alleges that both Sandra and Muller are persons of the full age of majority.
The trial court granted two motions for summary judgment filed on behalf of State Farm and Muller. Leehans now appeals the dismissal of his claims against these two parties. His suit against his wife, Sandra, still remains as does her reconventional demand against him. We affirm the dismissal of Leehans's claims against State Farm and Muller.
*980 State Farm was named as a defendant on the basis it issued policies of insurance to Sandra and Muller. The motion for partial summary judgment filed by State Farm seeks dismissal on the ground that the policy issued to Sandra and Leehans does not provide coverage for bodily injury and medical payments to an insured.
In support of its motion State Farm attached a certified copy of the insurance policy issued to Leehans effective 12-20-83 to 12-20-84. No opposition or countervailing affidavits were filed by Leehans.
A second motion for partial summary judgment was filed on behalf of Muller. Muller contends that she had no reason to believe her daughter would use any firearms against her ex-husband, Leehans, nor did Muller know her daughter had the firearms in her hands until the shooting began. In support of the motion Muller attached two affidavits.[1]
No opposition or countervailing affidavits were filed by Leehans in response to Muller's motion for partial summary judgment.
Muller's motion for summary judgment was originally set for September 25, 1987. However, on her motion it was reset to be heard earlier on September 11, 1987 along with the motion filed on behalf of State Farm. The trial judge signed the order resetting the Muller motion on September 3rd, 1987. Notices of the trial date were issued on September 6, 1987. No service information is included in the record on appeal.
Both motions were heard on September 11, 1987. The judge granted both dismissing Leehans's claims against State Farm and Muller.
Leehans filed a motion for new trial stating that "[w]hile counsel consents to the motion by State Farm, as the homeowners insurer, of plaintiff, Bernard Leehans; counsel made an error by submitting the motion as to Mercedes Muller." Leehans's counsel urged the court to reconsider the Muller motion for summary judgment as Leehans's counsel's law partner wrongly submitted the motion for summary judgment filed by Muller when not receiving timely notice of trial.
In connection with the motion for a new trial, an ex parte order was attached. The order is confusing as it contains contradictory language. On one hand it states "the judgment signed on September 11, 1987 be and the same is hereby set aside as it relates to Summary Judgment in favor of Mercedes Muller and her insurer" while at the same time also ordering that the matter be set as a show cause order for October 16, 1987 as to "why the Judgment for Summary Judgment should not be permanently set aside and the matter ordered to trial as to Mercedes Muller and her insurer." Evidently the two orders: one to set aside the prior judgment ex parte and the other to set the motion for new trial for hearing are alternative orders.
The trial court evidently realized it could not effect a substantive change in the September 11, 1987 judgment absent the granting of a new trial. La.C.Civ.P. Arts. 1951, 1971. Therefore, following the hearing on the motion for a new trial on December 11, 1987 he recalled[2] his prior order vacating his judgment of September 11, 1987 and reiterated the judgment of dismissal of the claims. Thus, on December 11, *981 1987 the trial court denied Leehans's motion for new trial.
From the adverse judgment of dismissal of the claims against Muller and State Farm, Leehans now appeals and specifies the following errors:
1. The trial court erred in allowing Muller's motion for summary judgment to be set for hearing without adequate notice to Leehans as required by La.Code Civ.P. Art. 966;
2. The trial court erred in granting a partial summary judgment in favor of Muller when a substantial issue of fact remained regarding Muller's knowledge of her daughter's mental state and inability to use due care in the handling of firearms, and
3. The trial judge erred in granting State Farm's motion for summary judgment on the basis of an insurance policy form attached to State Farm's motion since the policy was never proven to have been received by Leehans. Furthermore, the terms of the attached policy were substantially different from the terms of Leehans's original policy bearing the same number.
STATE FARM'S MOTION FOR SUMMARY JUDGMENT
The certified copy of the homeowner's policy in effect at the time of the alleged incident, filed in support of the motion for summary judgment, lists Leehans as the named insured. Section II, page 12 of the policy deals with exclusions for liability coverage. Section 1(g) specifically excludes "bodily injury [bold face in original] to you or any insured within the meaning of part (a) or (b) of the definition of insured [bold face in original]."
On page 2 of the policy the preamble to the definitions states in pertinent part: "Throughout this policy, `you' and `your' refer to the `named insured' shown in the Declarations." The exclusionary clause is clear that Leehans, as the named insured, cannot recover under the State Farm policy for bodily injury. Accord: Marchese v. State Farm Fire & Cas. Co., 396 So.2d 490, 491 (La.App. 4th Cir.1981). "Homeowner's insurance policies often exclude coverage to persons residing on the premises. 12 Couch on Insurance 2d Section 44A: 92 (2d ed. 1981)." Jenks v. State, 507 So.2d 877, 879 (La.App. 4th Cir.1987).
Appellant argues for the first time on appeal that the certified copy of the policy attached to State Farm's motion was not Leehans's original policy but instead was a new policy bearing the same number. He contends that State Farm had the burden of showing that the alleged new policy was actually mailed to Leehans. Thus, he asserts that there remains a material issue of fact regarding whether the original policy contained the same exclusion.
Appellant's assertions in brief were not presented to the trial court as evidence at the hearing on the motion. Instead, Leehans's counsel submitted the matter without having filed any opposition. Any alleged evidence of a different policy from that admitted in support of State Farm's motion cannot be considered on appeal. Larkin v. First of Georgia Underwriters, 466 So.2d 655 (La.App. 5th Cir.1985).
Furthermore, State Farm's certified copy of the policy was uncontroverted below. Leehans did not "set forth specific facts showing that there [was] a genuine issue for trial." La.C.Civ.P. Art. 967. Accordingly, the trial judge did not err when he evidently concluded that there was no dispute as to the language contained in the attached policy. See Duckworth v. Government Employees Ins. Co., 464 So. 2d 907 (La.App. 4th Cir.1985).
MULLER'S MOTION FOR SUMMARY JUDGMENT
Appellant argues that summary judgment was improper since there remains a "substantial question of material fact regarding Mercedes Muller's knowledge of her daughter's mental state and inability to use due care in the handling of firearms." The trial judge concluded from the two affidavits filed in support of the motion that the mother was merely "an innocent bystander" to the shooting. No countervailing affidavits or depositions were filed.
*982 In brief, appellant refers to a third affidavit by Nicole Leehans and a portion of Sandra's deposition wherein averments in the two prior affidavits are contradicted. However, Nicole Leehans's affidavit as well as Sandra's deposition testimony were not filed in opposition to Muller's motion for summary judgment. They were attached to Leehans's memorandum in support of his motion for a new trial. The motion for new trial was denied by the trial judge.
We conclude that Leehans's counsel submitted the Muller motion even though service was allegedly untimely.[3] Evidence to controvert the two affidavits filed in support of Muller's motion cannot be considered for the first time on appeal. Larkin, supra.
Appellant also argues that the trial court's granting of the motion was based on a credibility determination which is improper for a motion for summary judgment.
Pretermitting any determination regarding any alleged error relative to burden of proof in the trial court's granting of the motion for summary judgment, we exercise our right to notice on our own motion Leehans's failure to disclose a cause of action against Muller. La.C.Civ.P. Art. 927; Talley v. Hughes, 481 So.2d 172 (La.App. 4th Cir.1985); Joiner v. Wilson, 377 So.2d 583 (La.App. 3rd Cir.1979).
A motion for summary judgment is not the proper vehicle for dismissal of the Muller claim as the court is not bound to accept as true the allegations contained in the petition. See Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459 (La.App. 3rd Cir.1963). "In deciding an exception of no cause of action, the court accepts the facts alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to plaintiff if these facts are proved at trial." Robinson v. North American Royalties, Inc., 470 So.2d 112, 114 (La. 1985). While the exception of no cause of action tests the sufficiency of the pleadings, Haskins v. Clary, 346 So.2d 193 (La.1977), the motion for summary judgment determines whether a genuine issue of material fact exists. La.C.Civ.P. Arts. 927, 966. "A motion for summary judgment is not a substitute for an exception of no cause of action." Wells v. St. Tammany Parish School Bd., 340 So.2d 1022, 1024 (La.App. 1st Cir.1976).
Accordingly, while we agree with the trial court's dismissal of the Muller claim, we do so for different reasons.
La.Civ.Code Art. 2317 provides in part: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable."
In Paragraph I of Leehans's petition he alleges that both Sandra and Muller are "persons of the full age of majority." The allegations regarding Muller are as follows:
On May 24, 1984, defendant's mother, Mercedes Muller, was present in the home at the time petitioner sustained injuries as a result of the accidental shooting and had in fact allowed her daughter, Sandra Muller Leehans, to have possession of the weapons knowing that her daughter was emotionally unstable and not capable of careful handling of such firearms.
*983 Leehans further alleged that he and his wife, Sandra Muller Leehans, "were engaged in a heated marital argument ... in [Leehans's] house."
Leehans's petition also urges that his wife's mother allowed her to possess weapons when she knew her daughter was unstable. Furthermore, Muller is alleged to have been present in the home during the incident.
La.Civ.Code Arts. 237 and 2318 provide general liability for parents for tortious acts of their minor children. It does not provide for liability for a child the age of majority. Accepting Leehans's facts alleged in his petition, we determine that the law does not afford any relief to Leehans if these facts are proved at trial. Robinson, supra.
Under these circumstances the only theory of recovery would be parental liability for the tortious conduct of a minor. Clearly, the petition fails to state a cause of action in this regard.
Furthermore, Leehans does not argue any other basis for a duty alleged to be owed by Muller to Leehans. Thus, we conclude that a remand to allow an amendment pursuant to La.C.Civ.P. art. 934 would be a useless act. See Woolridge v. Mouledoux, 398 So.2d 1272 (La.App. 4th Cir.1981).
Here, Leehans makes a separate demand against Muller. While we make no determination relative to his claim against Sandra; nevertheless, we find no basis in law for his claim against Muller. The general rule relative to separate demands is:
Normally, a suit will not be dismissed upon an exception of no cause of action if the allegations set forth a cause of action as to any part of the plaintiff's demand. Bailey v. Texas Pacific Coal and Oil Company, 134 So.2d 339 (La.App. 3d Cir. 1961). As the Bailey case indicates, the exception should thus normally be overruled if any part of the petition can stand against the exception.
On the other hand, when two separate and distinct demands are set out by the petition, an exception of no cause of action may lie to eliminate one, but be overruled as to the other. Succession of Nelson, 163 La. 458, 112 So. 298 (1927); Succession of Curtis, 156 La. 243, 100 So. 412 (1924); Allison v. Aetna Life Ins. Co., 158 So. 389 (La.App. 2d Cir. 1935); Trussell v. Land, 19 La.App. 124, 138 So. 910 (2d Cir.1932); See also Bailey case, above, at 134 So.2d 340-341. Dean McMahon has discussed this subsidiary rule and the reason for it, distinguishing it from the usual rule that the exception should be overruled if not available as to part (of a demand) of the petition. McMahon, The Exception of No Cause of Action, 9 Tul.L.Rev. 17, 31-32 (1934). See also McMahon, Work of the Louisiana Appellate Courts, 28 La.L.Rev. 385-86 (1963). [Emphasis in original].
City of Natchitoches v. State, 221 So.2d 534, 547 (La.App. 3rd Cir.1969), writ denied 254 La. 464, 223 So.2d 870 (1969).
Accordingly, viewing Leehans's claim against Muller as a separate demand from that against Sandra we consider the dismissal of the Muller claim as proper.
For the reasons stated, the judgment dismissing Leehans's claims against State Farm and Muller is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] An affidavit was given by Muller in which she averred "at no time prior to the shooting of Bernard C. Leehans by Sandra Muller Leehans on May 24, 1984, did my daughter, Sandra Muller Leehans, give me any reason to believe that she would use a firearm against her ex-husband, Bernard Leehans. Further, I was not even aware my daughter had any weapons in her hand until I heard shots and turned to see her holding the firearms."

The second affidavit was from Sandra and she averred "at no time prior to the shooting of Bernard C. Leehans on May 24, 1984, did I give my mother, Mrs. Mercedes Muller, either through oral representations or actions of any other nature whatsoever, reason to believe that I would use a firearm against my ex-husband, Bernard Leehans. Further, my mother did not see me obtain the firearms prior to the shooting in question."
[2] The recall of the ex parte order was not necessary as the trial court had no authority to alter the substance of the September 11, 1987 judgment. La.C.Civ.P. Arts. 1951, 1971.
[3] Leehans contends that he did not receive notice of the rescheduled hearing date until September 8th or 9th, 1987 which was only two or three days before the hearing of September 11, 1987. While he admits that stand-in counsel did not oppose the trial court's going forward with the Muller motion and in fact submitted the matter; nevertheless, he urges that such submission did not reflect the wishes of Leehans nor counsel. We are not persuaded by Leehans's argument.

The record clearly reflects that Leehans was represented by counsel at the hearing and that his counsel unquestionably submitted both motions for the trial court's determination. There is no showing that counsel was denied the opportunity to check the record to determine whether notice had been timely. This specification lacks merit.