590 So.2d 1322 (1991)
MVG, as Administrator of the Estate of his Minor Child, CEG[1]
v.
Delores LUCAS.
No. CW901866.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1323 Alex W. Wall, Jr., Baton Rouge, for MVG, et al.
Thomas M. Richard, Metairie, for State Farm.
Anthony J. Clesi, Jr., Baton Rouge, for Delores Lucas.
Before COVINGTON, C.J., and SAVOIE, LANIER, LeBLANC and GONZALES, JJ.
COVINGTON, Chief Judge.
We granted certiorari in order to review the judgment of the trial court denying defendant State Farm Fire & Casualty Company's (State Farm) motion for summary judgment. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
Plaintiff, MVG, as administrator of the estate of his minor daughter, CEG, filed suit for damages against Delores Lucas. MVG alleges that Delores Lucas operated a day care business at her residence and that his children were taken care of by Delores Lucas on a daily basis. MVG also alleges that his minor daughter, CEG, while at the Lucas home and while entrusted to the care of Delores Lucas, was sexually molested by defendant's major son, Mark Lucas. MVG's petition states the injuries to CEG were the results of the negligence of Delores Lucas in that she failed to properly supervise and care for CEG. MVG later amended his petition to add State Farm, Lucas' homeowner's insurer, as a defendant.
State Farm filed a motion for summary judgment, contending that the exclusion for "business pursuits" in its policy unambiguously excluded coverage for the claims asserted by MVG. The trial court denied State Farm's motion and we granted certiorari.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Penalber v. Blount, 550 So.2d 577 (La.1989). The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Wilson v. H.J. Wilson Co., 492 So.2d 54 (La.App. 1 Cir.), writ denied, 496 So.2d 355 (La.1986).
To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that there exists no real doubt as to the existence of any genuine issue of material fact. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
Summary judgment is not a substitute for trial, and it is not the function of the trial court to consider the merits of the issues raised, nor is the court to make credibility evaluations or weigh conflicting evidence. Dette v. Covington Motors, Inc., 426 So.2d 718 (La.App. 1 Cir.1983). Furthermore, summary judgment should be granted only where reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law. Big S Trucking Co. v. Gervais Favrot, Inc., 450 So.2d 369 (La.App. 1 Cir.1983).
In the instant case, the plaintiff made the following pertinent allegations in his petition and supplemental and amending petition:
2.
The defendant [Delores Lucas] owned and operated, at all times pertinent to the allegations of this Petition, a child day care and/or child baby-sitting business at her residence in Baker, Louisiana, 3801 Coolidge Street.
3.
On or about November 13, 1985, Petitioner and his wife CBG, retained the services of defendant to provide such day care and/or baby-sitting for their minor children, [CEG]....
* * * * * *

*1324 7.
Petitioner shows, on information and belief, that the defendant's son, Mark Lucas, sexually molested his minor daughter, [CEG], while said child was on premises owned by the defendant and during the period of time in which the defenidant had been entrusted with her care, thereby causing injury and damage to [CEG], as outlined hereinbelow.
8.
The defendant, as a compensated babysitter and/or provider of day care services, owed a duty to petitioner and to his minor child, [CEG], to exercise reasonable care and due diligence in discharging her responsibility to provide care for [CEG]. The defendant breached that duty and caused injury and damage to [CEG] as set forth hereinbelow, when she committed the following acts of negligence:
A. Failure to exercise reasonable care and due diligence in supervising [CEG];
B. Failure to exercise reasonable care and due diligence in insuring the safety of [CEG], after that said child had been entrusted to her care;
C. Failure to prohibit Mark Lucas from fraternizing with [CEG], when she knew or should have known of Mark Lucas' sexual attraction for young children....
D. Any other acts of negligence that might be proven upon trial of this matter.
In Delores Lucas' answer she admits the operation of a child day care and/or child baby-sitting business at her residence. State Farm argues bodily injury arising out of business pursuits of the insured are not covered by Lucas' insurance policy. Therefore, State Farm argues there are no genuine issues of material fact and that they are entitled to summary judgment as a matter of law.
The policy in the instant case provides the following:
1. Coverage L [Personal Liability] and Coverage M [Medical Payments to others] do not apply to:
. . . .
b. bodily injury or property damage arising out of business pursuits of an insured.... This exclusion does not apply:
(1) to activities which are ordinarily incident to non-business pursuits....
The policy excludes coverage for bodily injury "arising out of business pursuits of an insured." However, the policy provides for an exception to the exclusion, if the activity is "ordinarily incidental to non-business pursuits." The seminal issue is whether the exception nullifies the exclusion. Was the failure to supervise CEG (the activity) ordinarily incidert to home activity (a non-business pursuit) or the child care service (a business pursuit)? If the latter, there is no coverage and State Farm should have been dismissed. We are convinced the failure to supervise CEG and keep her from harm was a business pursuit of the insured and was clearly subject to the business pursuits exclusion of the policy.
It is undisputed that Delores Lucas operated a day care center for compensation in her home. Baby-sitting was her business. Supervising CEG was Delores Lucas' job. The act which Delores Lucas failed to do, properly supervise CEG, was pursuant to the business. The business was run in Delores Lucas' home and injuries arising out of the business were excluded from her homeowner's coverage.
The act of failing to supervise CEG was not a non-business activity and cannot be compared, as argued by MVG, to activities ordinarily incidental to non-business pursuits such as playing a practical joke[2] or preparing coffee for a social guest.[3] The exception to the exclusion does not apply.
The additional argument made by MVG in his memorandum in opposition to *1325 State Farm's motion that Delores Lucas failed to properly supervise or control her own son, Mark Lucas, is not persuasive. Delores Lucas's son was at no time an employee of the child care center she operated. In addition, at all times pertinent to the allegations of these proceedings Mark Lucas was a major. Delores Lucas has no duty or authority to supervise or control a major child. On the contrary, when a child reaches 18 years of age he is a major and that majority deprives parents of their legal right to control him. LSA-C.C. art. 29. See Leehans v. State Farm Insurance Co., 534 So.2d 979 (La.App. 5 Cir.1988), Mayeux v. Madden, 520 So.2d 1005 (La.App. 3 Cir. 1987), Shaw v. Hopkins, 338 So.2d 961 (La.App. 4 Cir.1976).
The summary judgment dismissing State Farm should have been granted. The judgment of the trial court denying the motion for summary judgment is reversed and summary judgment is granted in favor of State Farm dismissing the petition against it with prejudice. MVG is cast for the cost of this writ.
REVERSED AND RENDERED.
GONZALES, J., concurs and assigns reasons.
GONZALES, Judge, concurring.
Originally I was of the opinion that the trial judge in this case should be sustained and it was my position which caused this matter to go to a five-man panel. However, after oral argument, I was convinced by my colleagues that there is no duty on the part of a parent to warn this plaintiff or any other individuals of dangerous propensities of her major child. Had there been such a duty, it would be a non-business related activity and would fall within the exception to the exclusion and thus coverage would be provided. Only if such duty existed would there be a valid theory on which the plaintiff could collect from State Farm Insurance in this case.
NOTES
[1] For the purpose of maintaining confidentiality, we have used initials for some parties.
[2] Jackson v. Lajaunie, 270 So.2d 859 (La.1972).
[3] Gulf Insurance Co. v. Tilley, 393 F.2d 119 (7 Cir.1968).