623 So.2d 196 (1993)
Glenn A. BRISCO, Plaintiff-Appellant,
v.
Lonnie E. FULLER, Jr., et al., Defendants-Appellees.
No. 24978-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Fred R. McGaha, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein by Charles Herold, Jay P. Adams, Monroe, for defendants-appellees.
Stevens J. White, Baton Rouge, for intervenor Louisiana Dept. of Health and Hospitals.
Before LINDSAY, VICTORY, and BROWN, JJ.
*197 LINDSAY, Judge.
The plaintiff, Glenn A. Brisco, appeals from a trial court judgment sustaining an exception of no cause of action and dismissing his claims against the parents of the major tortfeasor who shot him. For the reasons assigned below, we affirm the judgment of the trial court.

FACTS
The plaintiff filed suit against Lonnie Fuller, Jr.; his parents, Mr. and Mrs. Lonnie Fuller, Sr.; and the elder Fullers' homeowner insurer, Allstate Insurance Company. In his petition, the plaintiff asserted that on December 9, 1990, the younger Mr. Fuller (hereinafter referred to as "Lonnie Jr.") negligently shot him in the left arm. He further asserted that Lonnie Jr. lived with his parents and consequently qualified as an "insured person" under his parents' homeowner's insurance policy.
The facts of the shooting are alleged in the petition as follows: Lonnie Jr. was enamored of a woman and became jealous when he learned that she was with the plaintiff. He then went to his parents' home, where he obtained his father's shotgun and shells. He returned to the woman's house and waited for the plaintiff to leave. Intending to frighten (but not injure) the plaintiff, Lonnie Jr. stood behind the plaintiff and fired the shotgun in his direction. Just as the weapon discharged, the plaintiff moved his left arm, which was struck by the blast. The plaintiff began to run, and Lonnie Jr. fired twice more. Neither of these shots hit the plaintiff.
As to Lonnie Jr.'s parents, the plaintiff alleged that they were negligent because "[b]ased upon information and belief, [they] had knowledge of the dangerous character" of their major son. Therefore, it was foreseeable that Lonnie Jr. would take the shotgun and ammunition and use them to harm someone. Consequently, the petition alleged that the parents had a legal duty to the plaintiff to keep their firearm and ammunition in a safe place from which Lonnie Jr. could not obtain them. The plaintiff asserted that the negligence of the parents in leaving the shotgun and ammunition in a place where Lonnie Jr. had ready access to them was the cause-in-fact and proximate cause of his injury.
The State of Louisiana, through the Department of Health and Hospitals, intervened in the suit, contending that the defendants were solidarily liable for the costs of the medical services rendered to the plaintiff as a result of the shooting.
The parents and their insurer filed an exception of no cause of action as to the claims of both the plaintiff and the intervenor. Following a hearing, the trial court sustained the exception of no cause of action, dismissing all claims against the parents and their insurer.
The plaintiff appealed.

LAW
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). The court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc., supra.
A loaded gun is a dangerous instrumentality, and a duty of extraordinary care is placed on those in control of such weapons.[1]Cathey v. Bernard, 467 So.2d 9 (La.App. 1st Cir.1985). An adult who leaves such a weapon where it is accessible to minor children may be held accountable for the harm caused to third persons as a result of the children's misconduct with the weapon. See Cathey, supra; Valence v. State, 280 So.2d 651 (La. App. 1st Cir.1973), writ refused, 282 So.2d 517 (La.1973).
*198 However, parents of major children are not required to exercise such a degree of care. See Shaw v. Hopkins, 338 So.2d 961 (La.App. 4th Cir.1976); Topole v. Eidson, 476 So.2d 518 (La.App. 1st Cir.1985); Mayeux v. Madden, 520 So.2d 1005 (La.App. 3d Cir.1987); Leehans v. State Farm Insurance Co., 534 So.2d 979 (La.App. 5th Cir.1988). See also MVG v. Lucas, 590 So.2d 1322 (La.App. 1st Cir.1991). However, see and compare Dickens v. Auvil, 508 So.2d 638 (La.App. 2d Cir.1987).
In Topole v. Eidson, supra, the court found that a father who loaned a gun to his major son for a hunting trip could not be held liable for the accidental shooting of one of his son's companions. (The actual shooting was done by a minor who loaded the weapon without the son's permission.) Since the son was a major, the court stated that the father lacked the authority to require him to obtain instruction on gun safety.
In the Leehans case, the plaintiff's petition alleged that the mother of an adult daughter allowed the daughter to obtain a gun after a marital dispute when the mother knew her daughter was emotionally unstable and incapable of handling the firearm carefully. The trial court granted the mother's motion for summary judgment and dismissed the claims against her. The appellate court affirmed, but it pretermitted the issue of summary judgment. Instead, the court noticed on its own motion the plaintiff's failure to state a cause of action against the mother. The court found that the only possible theory of recovery was parental liability for the tortious behavior of a minor. As the daughter was alleged to be a major, there was no basis for the mother's liability. Furthermore, since the plaintiff had not argued any other basis for a duty owed by the mother to the plaintiff, the court concluded that remand for amendment of the petition would be futile.
Although they do not concern the use of firearms, we find that Shaw v. Hopkins, supra, and Mayeux v. Madden, supra, are also relevant to the issue of parental liability in the instant case.
In the Shaw case, the court held that no cause of action had been stated against the parents of a major tortfeasor who injured the plaintiff. The petition alleged that the parents knew of their son's "vicious propensities" and failed to take actions to protect the public and the plaintiff by having their son interdicted. The trial court granted the parents' exception of no cause of action, and the appellate court affirmed. It held that there was no authority under Louisiana law for holding parents liable for the tortious actions of their major children. Once a child achieves his majority at the age of 18, the parents are deprived of their legal right to control the child.
When that right of control is lost, a parent may no longer be held responsible for lack of supervision as vicarious liability on the part of the parents for the torts of the child is predicated upon the very control and authority of the parents which has been lost. [Footnotes omitted.]
338 So.2d at 962-963.
The court further held that the parents of a major child who has "violent propensities" do not owe a duty to third persons to interdict or commit such a child to an institution.
In the Mayeux case, the father of a 25-year-old mentally retarded man who suffered from a schizophrenic psychological disorder was sued after his son injured a police officer who was trying to arrest him. The court found that no cause of action had been stated in either negligence or strict liability against the father, even though his son was living at home under his supervision and care. (However, the father was apparently not his curator.) There was no strict liability because the son was a major, and LSA-C.C. Art. 2318 was thus inapplicable. Nor was there negligence where the petition did not allege that the major son had dangerous propensities which his custodian could reasonably foresee.
The only case in which a cause of action was found in circumstances similar to the present case was Dickens v. Auvil, supra. There the parents of the decedent filed suit against the major tortfeasor who shot and killed their son, as well as her father, the owner of the gun. The petition alleged that the gun was extremely old, that the father *199 had failed to insure that his daughter had adequate training in the safe use of firearms, and that the father knew his daughter was "easily excitable and [was] otherwise emotionally volatile." The trial court sustained the father's exception of no cause of action. The appellate court reversed.
However, the court failed to cite any authority for its holding. We note that, as stated in the Topole case, a parent has no authority by which to require a major child to receive firearm instruction. Furthermore, allegations of emotional "excitability" of a major child appears to be a dubious basis for imposing liability upon the parents.[2]
There is no duty to control, or warn against, the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty. Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron; jailer and prisoner; and teacher and pupil. Haskins v. State Farm Fire & Casualty Company, 612 So.2d 990 (La.App. 2d Cir.1993).
However, we believe that the above statement refers to the relationship between a parent and a minor child or a mentally disabled major child for whom the parent may be held responsible.
The petition of the plaintiff avers that the parents were aware of Lonnie Jr.'s "dangerous character." It is not alleged that he was, in any way, mentally retarded or emotionally deranged. Nor does it allege that the parents were his custodians or curators.
The plaintiff argues that the Fullers may be held liable not as the assailant's parents but as gun owners who breached a duty to safely store their weapon when it was foreseeable that a dangerous person might obtain it and use it to harm someone else. However, we do not believe that, under the facts alleged in this case, the law of Louisiana currently places a duty on gun owners to conceal or hide their guns from a "dangerous" person who might take them without the owners' permission.
Based on the foregoing, we find that the plaintiff's petition failed to state a cause of action against the parents of Lonnie Jr. We have carefully considered whether the plaintiff should be given an opportunity to amend his petition in an effort to state a cause of action. LSA-C.C.P. Art. 934. However, based upon the allegations of the petition, the briefs, and oral arguments of counsel, we find that the grounds of objection expressed in the exception of no cause of action could not possibly be removed by amending the petition. The trial court properly sustained the exception of no cause of action.

CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed against the plaintiff/appellant.
AFFIRMED.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
I respectfully dissent from the majority's opinion. When deciding a peremptory exception of no cause of action, the trial court must resolve any reasonable doubt as to the sufficiency of the plaintiff's petition in favor of finding that the petition has stated a cause of action. Kaufman & Enzer Joint Venture v. Bethlan Production Corp., 459 So.2d 60 (La.App.2d Cir.1984). A suit should not be dismissed on an exception of no cause of action where it is possible that by amendment a cause of action may be stated. Bourg v. J. Ray McDermott & Co., 70 So.2d 225 (La.App.1954).
The issue is whether plaintiff's petition has stated a cause of action against defendants, Mr. and Mrs. Lonnie Fuller, Sr. According to plaintiff's allegations, defendants breached a duty owed plaintiff to store firearms in a safe manner. Plaintiff further alleged that because defendants knew of their son's dangerous *200 propensities, they should have taken greater precautions to prevent his access to their firearms. Rather than dismiss, plaintiff should at least be given an opportunity to amend his petition.
Code of Civil Procedure Art. 934 is mandatory and provides that "when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment ..." (emphasis added). A fair reading of the majority opinion indicates that the petition could be amended to state a cause of action. Therefore, I dissent.
NOTES
[1] The petition did not allege that the shotgun was loaded when Lonnie Jr. removed it from his parents' home. The allegations stated only that he obtained "his father's shotgun and shells."
[2] To the extent that it conflicts with the Mayeux case, Dickens v. Auvil, supra, is not followed in this case. Although the author of the instant opinion concurred in the result in Dickens, that case also involved allegations of a defective weapon.