672 So.2d 351 (1996)
Dennis J. SAURAGE, et ux
v.
Donald Wayne PALERMO, et ux, and et al.
No. 95 CA 1698.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
*353 John W. Wilbert, III, Plaquemine, for Plaintiff-AppellantDennis J. Saurage, et ux.
William E. Willard, Baton Rouge, for Defendant-AppelleesDonald Wayne Palermo, et al.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
Plaintiffs, Dennis J. Saurage, Catherine Riche Saurage, individually, and as tutors for their minor child, Joshua Lee Saurage, filed suit against Mr. and Mrs. Donald Wayne Palermo, the Palermo minor child, and Mr. and Mrs. Glenn J. Patrick for injuries inflicted on Joshua. Allegedly, the Palermo child negligently fired a shotgun blast that hit Joshua in the face, arm, and hand. Plaintiffs alleged that Mr. and Mrs. Patrick owned the shotgun and negligently loaned the dangerous weapon to a minor child without sufficient training or supervision. The Patricks filed a motion for summary judgment. The trial court granted the motion and dismissed the Patricks from the suit. Plaintiffs appealed. We affirm.

FACTS AND PROCEDURAL BACKGROUND
Initially, at the time of the accident on July 4, 1991, Mr. Palermo asserted that Mr. Glenn J. Patrick owned the shotgun and loaned it to Mr. Palermo for the Palermo child to use for hunting. At a hearing in juvenile court on September 26, 1991, the Palermo child testified that his father borrowed the shotgun from Mr. Palermo's uncle, Glenn Patrick. On July 22, 1992, the Palermos, in answer to plaintiffs' petition, asserted that the shotgun was borrowed. In their July 27, 1992 answer to the plaintiffs' petition, the Patricks asserted: "Your respondents [the Patricks] do show that Donald Wayne Palermo borrowed a 20-gauge shotgun from your respondents, and that the shotgun was in the care, custody and control of Donald Wayne Palermo." By deposition on June 10, 1993, Joshua Saurage testified that the Palermo child, while he was showing off the gun in the case just before the accident, told his friends to look at the gun his uncle let the Palermo child borrow.
In September of 1992, the Palermos amended their answer to state that the shotgun was given to Mr. Palermo for his son's use by Sam Patrick. Sam Patrick was Glenn J. Patrick's father and Mr. Palermo's grandfather. The record contains no amended answer by Mr. and Mrs. Patrick.
In depositions taken in 1993 and 1994, Mr. Palermo and Mr. Patrick testified that the shotgun was not loaned to the Palermos by Glenn J. Patrick. Thus, in contrast to the Palermo's amended answer, Mr. Palermo himself stated that Mr. Sam Patrick had given Mr. Palermo the shotgun before the Palermo child was born, and at least fifteen years before the accident. Mr. Palermo testified in his deposition that he told Mr. Saurage that the shotgun was borrowed to assure insurance coverage for the injured boy. Mr. Palermo knew that he had no insurance coverage for the accident, but believed that Mr. Patrick had liability insurance. Mr. Palermo testified that he told his son the shotgun belonged to Glenn Patrick. Mr. Palermo made that statement because the boy was afraid of Mr. Patrick. Fear of Mr. Patrick would insure that the Palermo boy would appreciate the use of the gun and clean the gun properly. Mr. Patrick testified by deposition that he possessed the gun 8-10 years before the accident as collateral for a loan to Mr. Palermo. When the loan was paid back, the gun was returned. By affidavit, Glenn Patrick stated that he had never owned the shotgun, but had possessed the shotgun in the past.
The trial court granted the motion for summary judgment, dismissing the Patricks from the suit, without assigning reasons. The plaintiffs appealed.
Plaintiffs, the Saurage family, argue that genuine issues of material fact exist, id est, whether the Patricks owned the shotgun and loaned it to the Palermo child. The Saurage family asserts that the loan constituted "negligent *354 entrustment," and, the Patricks breached their duty to properly supervise the use of a dangerous weapon by a minor. The Patricks argue that they did not loan the shotgun to the Palermos. Alternatively, the Patricks argue that, even if the shotgun was borrowed from them, the gun was under the care, custody, and control of Mr. Palermo. Therefore, without the garde of the shotgun, the Patricks could not be strictly liable or be "responsible for any negligent handling of the gun."

APPLICABLE LEGAL PRECEPTS

CIVIL CODE BASIS FOR LIABILITY
Plaintiffs' claims against the Patricks appear to be based on Civil Code article 2317, strict liability, and Civil Code article 2315, negligence. For strict liability, article 2317 requires custody of the object, not ownership. While the issue of ownership, as a basis for establishing who had the custody or garde, might be relevant to the claim based on strict liability, it is not necessary for the Patricks to maintain the custody or garde of the shotgun to be liable for the negligent act of transfer itself, the loan of the shotgun.
A duty of extraordinary care is placed on those who own, or control a dangerous instrumentality. Inadvertently or by loan, an adult who provides a minor child with access to a dangerous weapon "may be held accountable for the harm caused to third persons as a result of the [child's] misconduct with the weapon." Brisco v. Fuller, 623 So.2d 196, 197 (La.App. 2d Cir.1993); see Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985).
The concept of "access" is one that bears many connotations. "Providing access" encompasses many different actions depending on that well-worn but meaningful phrase, "totality of the circumstances." Put directly, access is fact rooted. Thus, whether access was provided is a different, independent inquiry from whether the garde was transferred. An owner, lender, or possessor could negligently provide "access" to a dangerous weapon, independent of ownership or garde.
While access is a broad concept, a specific act of transfer is more easily definable and occurs at a specific moment in time. If the "access" is opened by way of a specific act of transfer, for example, a loan, the inquiry to identify a negligent act should center on the time of the transfer. The act of transfer must also be distinguished from the possible effects of the transfer, namely, the acquisition of garde.
"Access" can be provided in a passive or active manner. An owner or possessor can provide "access" to a dangerous weapon by merely making it approachable by the unskilled, leaving it unsecured, or in the open. Whether admittance to the weapon was a negligent act reasonably requires a review of the "totality of the circumstances" surrounding the act of admittance and the subsequent accident. A loan of a dangerous weapon, a more active method of transfer, without some inquiry into the age of the transferee, circumstances, or competence, could be a negligent action. It is the specific act of transfer that is at the heart of the inquiry. Whether sufficient time or actions have evidenced a transfer of garde, or ownership, to the new possessor is not determinative. Nor is the status of minor a requisite for all Civil Code article 2315 causes of action based on claims of a negligent act of transfer.
The Saurage family based the claim for strict liability on ownership, and argued that the issue of ownership was a genuine issue of material fact. In brief, they assert that the Patricks maintained the garde. Thus, the Saurage family wishes to claim that because the Patricks maintained the garde, they are strictly liable, as well as liable for their alleged negligent acts.
On the other side, the Patricks argue that, even assuming their ownership, they could not be liable in negligence. The Patricks contend that a transfer of the garde of the shotgun to Mr. Palermo took place, based on his possession of the shotgun, various acts of control, and time of possession. This argument on the transfer of the garde can answer the question of strict liability, but standing alone it fails to exclude the Patricks from the claims of negligence.

*355 GENUINE ISSUE OF MATERIAL FACT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322 p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618. Thus, the threshold question is whether a genuine issue of material fact exists. A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Kidd v. Logan M. Killen, Inc., 93-1322 at p. 4; 640 So.2d at 619.
In rendering judgment on a motion for summary judgment, the trial judge must consider the pleadings, depositions, admissions, and affidavits which have been filed into the record or admitted into evidence. The motion should be granted if no genuine issue of material fact exists, and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. If the mover's supporting documents are sufficient to resolve all genuine issues of material fact, the burden shifts from the mover to the opposing party to come forward with specific facts showing that material facts are still at issue. La. C.C.P. art. 967; Daigle v. United States Fidelity and Guaranty Insurance Company, 610 So.2d 883, 886 (La.App. 1st Cir.1992). In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Appellate courts review summary judgments de novo using the same criteria that govern the trial judge. Penton v. Clarkson, 93-0657 (La.App. 1st Cir. 3/11/94); 633 So.2d 918, 922.

APPLICATION OF LAW TO FACTS

STRICT LIABILITY
The conflict in the testimony concerning the ownership of the shotgun presented a question, but not one material to the decision here. The case cannot be resolved on summary judgment by merely assuming ownership.
The transfer of the garde is material, but is not genuinely at issue in this case. In contrast to plaintiffs' arguments in their brief, the record reveals no genuine dispute as to who had possession and custody, or the garde, of the shotgun. No real doubt exists that the gun was given or loaned to Mr. Palermo: it was not given directly to the minor child. No one disputes that the shotgun was in the custody of Mr. Palermo for at least two hunting seasons before the accident, well over a year. It may have been in his possession for a number of years. There is no dispute that Mr. Palermo allowed his child to use it during the last hunting season, prior to the accident. Whenever he allowed his son "to mess with a gun [Mr. Palermo] always told [his son] to point it at the ground or in the air." Sometime in the past, Mr. Palermo had the shotgun modified by a gunsmith.
The Patricks presented more than sufficient evidence by deposition and affidavit to show that the garde, if not the ownership, transferred to Mr. Palermo. The burden then shifted to the Saurage family to show that a genuine issue of material fact remained. In their submissions to the trial court, the Saurage family did not dispute that the shotgun was in the possession of Mr. Palermo for at least the last hunting season. Nor do they allege any facts to support their conclusional argument that the Patricks retained the garde of the weapon. A bare allegation that a loan to a minor prevented the transfer of garde is insufficient to meet their burden of proof. The Saurage family failed in their burden to put forward specific facts showing that the garde of the shotgun was still at issue. Thus, the Patricks were entitled to summary judgment on this claim.

NEGLIGENCE
The same is true on the negligence claim; no genuine issue of material fact remained. The shotgun was given or loaned to Mr. Palermo. It is problematic that a time of transfer cannot be pinpointed, but it is clear from the record that whenever the specific act of transfer occurred, the transfer was to Mr. Palermo. He was responsible for the shotgun. The plaintiffs did not allege that a loan to Mr. Palermo was a negligent act of transfer. Under the facts here, any *356 duty to supervise the Palermo child would fall on Mr. Palermo. See also La.C.C. art. 2318. Therefore, the movers, the Patricks, were entitled to summary judgment as a matter of law.

CONCLUSION
For these reasons, we affirm the judgment. The cost of the appeal is assessed to appellants, Dennis J. and Catherine Riche Saurage.
AFFIRMED.